**Carlin Constantine VENUS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15953.**

United States Court of Appeals
Ninth Circuit.

Jan. 8, 1959.

Rehearing Denied Feb. 17, 1959.

Hayden C. Covington, Brooklyn, N. Y., Kenneth A. Barwick, Lemon Grove, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert D. Hornbaker, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Venus was indicted for knowingly failing to report for induction into the armed forces of the United States in violation of 50 U.S.C.A.Appendix, § 462(a).[1]

Venus registered with Local Board No. 140, in San Diego County, California, on September 15, 1948. There is no need to review the episodes previous to the order here charged, except to note that defendant claimed to be a conscientious objector and on one occasion, before the series of incidents upon which the current indictment was based, obeyed an order to report for induction but refused to be inducted. After that, at a time when his file was out of the possession of the Local Board, defendant, according to his testimony at the trial, mailed a postal card in February, 1955, giving a change of address from Modesto to San Diego to the Board. No such postal card ever got into the file of the Board. On July 11, 1955, the file of defendant was returned to the Local Board. The Local Board ordered defendant to report for induction on November 8, 1955. This order was sent to the last address of defendant shown in the file of the Local Board. This was in Modesto, California. Defendant did not report on November 8, 1955. At no time thereafter did defendant formally report for induction.

Defendant testified that he first knew of the order of induction in April, 1956, when he was told by an agent of the F. B. I. He thereupon wrote a letter to the Local Board, but received no response.[2] About a year later, he did go to the Local Board and inspect his file.

In reading the transcript, the evidence of mailing of the order appears substantial. There was no direct proof that the particular envelope containing the order was actually deposited in a United States mail box. But there was positive evidence that the order was made in due course, placed in an envelope properly addressed to Venus, and thereupon deposited in the regular box from whence mails of that office went to the United States mail box. The office duplicate of the order had been marked with the initials of the Board member signing the original. Most important of all, there was marked on this duplicate order the word "Mailed." This is an entry made in an official document and imports verity of the contents. Unquestionably, there was substantial evidence to go to the jury which tended to establish mailing of the order.

There is no doubt the order was addressed to Modesto. This was the last mailing address which appeared in the files of the Local Board. Therefore, according to law and regulation, the Local Board could not properly have mailed the notice to any other address. There was thus substantial evidence that the order was duly mailed to the appropriate address.

Here another factor enters. Venus testified that he mailed a postal card to the Local Board giving a change of address from Modesto long before the order was issued. This testimony is corrobo-

1. "Any * * * person * * * who * * * refuses * * * service in the armed forces * * * or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title, or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both * * *." Universal Military Training Act, § 12(a).

2. Venus subsequently wrote a second letter to his Local Board asking why he received no response to his first letter. This letter was answered by the United State Attorney, who advised Venus that he was delinquent for failure to report change of address and report for induction.

rated in some degree by another person who testified he accompanied Venus to the Post Office when the latter mailed a postal card. At the time, the file of the registrant was not in the possession of the Local Board. Since the card did not appear in the files, the presumption of official duty performed carries weight. The Local Board did not have the card. It may well be inferred they never had it. The jury might also have disbelieved the testimony of Venus that he mailed the card.

The trial court refused to give instructions requested by defendant relating to the proof of mailing and the presumption of receipt of letters duly deposited in a United States Post Office. There were also instructions requested which highlighted the testimony that defendant claimed not to have received the order and the fact that he claimed to have mailed a change of address card to the Local Board. Criticisms of the instructions given and refusal of requests are technically correct in part. The implications will be considered later. The trial court gave strongly worded instructions, favorable to defendant, requiring knowledge upon the part of Venus before conviction for failure to report on November 8, 1955.[3]

But the case must be reversed. The trial court laid great weight in the instructions upon the continuing duty of Venus to report for induction after the critical date specified in the order. We take no exception to this instruction standing alone. There is generally such a duty. However, the record shows Venus became twenty-six years of age upon the nineteenth day of December, 1955. There is doubt whether there was any machinery by which he could have been legally inducted subsequent to that date. Venus did not have knowledge of the issuance of the induction order, according to his testimony, until April, 1956. Thereupon, he said he wrote a letter to the Local Board informing them of his supposed discovery. Uncontrovertibly, he did later call at the office of the Board and talk to the clerk. No one pretends to say this was not in accordance with and in fulfillment of his continuing duty. There is a conflict between the clerk and Venus as to what was said at the time. But no one contends that the Board or any agent thereof told him to report at any camp or post or army center in accordance with the supposed continuing duty. His testimony is that, if he had known of the order, he would have reported and refused induction. It is perfectly plain that no one connected with the Local Board would send him to an army receiving station: first, because he was over twenty-six years of age when he wrote to the Board in April, 1956, and no one knew then and no one pretends to advise this Court now as to whether the Board had authority to order him to report for induction after he had attained the age; second, because the Local Board had already reported him for prosecution.

We do not need to pass upon the questions which were here decided in Graves v. United States, 9 Cir., 252 F.2d 878, because it is not necessary. It is only held here that the instructions did not adequately cover the factual situation and that the defenses urged were not fairly presented thereby.

This Court does not pass upon the question of the verity of the testimony of Venus. We do not pass upon the question of the legal duty to report continuing after Venus had attained twenty-six years of age. It must be held that there were questions of fact which the court failed to present to the jury under

---

3. "You are instructed that in order to find the defendant guilty as charged in the Indictment, you must find that * * the defendant did on such date, and at all times thereafter, knowingly fail to report for induction.

"The word 'knowingly' as used in the Indictment can be taken only as meaning deliberately and with knowledge and not something which is merely careless or negligent or inadvertent."

this peculiar combination of circumstances.

The trial court might have instructed the jury that, if they found Venus had obtained knowledge of the terms of the order before November 8, 1955, the day upon which he was thereby required to report for induction, a legal basis for conviction would have been established. In this connection, the instructions as to knowledge which the court gave would have been sufficient. The fact questions as to the mailing of the order by the Local Board and as to the mailing of the change of address by Venus should have been presented by instructions in this connection.

There was also a continuing duty to report certainly on November 8, 1955, and thereafter for some considerable time, if Venus obtained knowledge of the terms of the order at a time when this obligation was incumbent upon him. But the duty to report was not unlimited. Venus became twenty-six years old on December 19, 1955. He did report to the Local Board over a year later, but was given no instructions and no information. The Local Board had sometime reported him to the United States Attorney for prosecution.

The court instructed the jury to the effect that, if Venus sometime had knowledge of the terms of the order and failed to perform the continuous duty incumbent upon him up to the date of the finding of the indictment, he could be convicted. These instructions laid basis for a serious misconception by the jury. Error was committed thereby. Furthermore, the theories of the defense were not presented. Many questions of fact were suggested by the defense upon which the court did not require the jury to find. The defense sufficiently raised these matters. Specifically, there were objections to the failure to instruct as to mailing and to the instruction given as to the continuing duty to report.

Reversed.