**UNITED STATES of America**

**v.**

**Kenneth William BRUINIER,**
**Defendant.**

United States District Court
D. Oregon.

Nov. 26, 1968.

Sidney I. Lezak, U. S. Atty., Richard C. Helgeson, Asst. U. S. Atty., Portland, Or., for the United States.

G. Bernhard Fedde, Portland, Or., for defendant.

## OPINION

SOLOMON, Chief Judge:

The issues raised by this prosecution for violation of the Military Selective Service Act are the effect of an induction notice which the registrant does not receive and of a subsequent letter to the registrant informing him of the induction notice.

In 1963, at age 17½, Kenneth William Bruinier left his Lake Oswego, Oregon, home to live with relatives in Holland. On his 18th birthday he reg-

istered with Selective Service at the United States Consulate in Amsterdam.[1] He returned to the United States in May, 1964, stayed six months, and returned to Holland with his Board's permission.

In November, 1965, Bruinier moved to Switzerland; he sent his Board notice of this move, but the Board never received it. In February, 1966, Bruinier's fiancee became pregnant. In April, the Board sent an induction notice to Bruinier's Holland address, but Bruinier, living in Switzerland, did not receive it. In May, the Board reported Bruinier to the United States Attorney as a delinquent. Meanwhile, Bruinier returned to Holland and in June, 1966, married his fiancee.

Until August, 1966, the Local Board believed Bruinier had received and disobeyed his order to report for induction; on this belief it reported him delinquent. Bruinier had no knowledge of these developments.

On July 19, 1966, Bruinier sent his Local Board a note, informing it of his marriage and return to Holland. A week later, he sent a lengthy letter, explaining his decision to enlist and inquiring about programs for enlistees. The Board did not inform Bruinier of his induction order and delinquency status; instead, it pursued its attempts to prosecute him. The United States Attorney declined to prosecute after learning of Bruinier's July 19 and July 25 letters.

On October 10, 1966, the Board notified Bruinier of its April induction order and his delinquency status. The Board's letter concluded: "Request you advise this local board immediately of steps you have taken in compliance with this [April 18, 1966] Order [to report for induction]."

On November 3, 1966, Bruinier's wife had a son and Bruinier's father informed the Board. The Board wrote Bruinier that "hearsay evidence cannot be considered sufficient basis for reopening

your classification," and Bruinier sent a birth certificate. The Board did not reopen, and it again sent his file to the United States Attorney.

On July 26, 1967, Bruinier informed the System's State Headquarters that he was coming to the United States to enlist. The Headquarters replied that his file had already been referred to the United States Attorney, but implied that Bruinier would not be prosecuted if he enlisted or submitted to induction. On November 17, 1967, Bruinier, now in Oregon, was told to report for induction "pursuant to your outstanding Order to Report for Induction" issued April 18, 1966. A series of postponements extended Bruinier's induction to April 24, 1968, when he appeared at the induction center but refused to take the symbolic step forward. He was tried by this Court, without a jury, for violation of 50 App.U.S.C. § 462.

■■■ Bruinier claims his induction order was invalid because the Board refused to reopen his file and classify him III-A after the birth of his son. A married person with a child is generally entitled to be classified III-A. 50 App. U.S.C. § 456(h) (2); 32 C.F.R. § 1622.-30. If the classification of a local board is without a basis in fact, there is no duty to obey it. 50 App.U.S.C. § 460 (b) (3). Stain v. United States, 235 F.2d 339 (9th Cir. 1956).

■■■ Bruinier's initial induction notice was sent in April, 1966, two months after his fiancee became pregnant. This induction order was valid because Bruinier had not informed his Board of his fiancee's pregnancy. 32 C.F.R. § 1622.30(c) (3). But Bruinier had no duty to obey the order since it did not reach him. Venus v. United States, 266 F.2d 386 (9th Cir. 1959); Graves v. United States, 252 F.2d 878 (9th Cir. 1958). In *Venus*, the local board sent the induction order to the registrant's former address because it never received

1. Bruinier claims that System erred when it then registered him with Local Board No. 6 in Oregon and not with Local Board No. 100 in Washington, D. C. I need not decide this question.

a postcard with the registrant's new address. In *Graves*, the registrant was away from home when the order arrived because he reasonably believed the order would arrive a month later.

■ 32 C.F.R. § 1602.4 defines a "delinquent" as a "person required to be registered under the selective service law who fails or neglects to perform any duty required of him under the provisions of the selective service law." Bruinier's failure to obey the induction order he did not receive cannot make him a delinquent with a "continuing duty from day to day to report for induction." 32 C.F.R. § 1642.15. The failure must be wilful. Venus v. United States, Graves v. United States, supra.

■ Nor could the October, 1966, letter informing Bruinier of his outstanding induction order make him a delinquent. Delinquency results from neglecting or wilfully failing to follow a board order. A consequence of delinquency is prosecution. The letter that first made Bruinier aware of his outstanding induction order could not also make him delinquent for failure to obey it.

In any event, Graves v. United States, supra, holds that one "charged with knowingly failing and neglecting to report for induction on [a specific date] * * * cannot be convicted on this indictment of a failure or neglect to perform a different duty at a different time." 252 F.2d at 883. In *Graves*, the Government contended that the defendant, though not guilty of failing to report, violated his "continuing duty" to report once he acquired knowledge of the induction order. The Court held that this was a "different duty at a different time" and not the one charged in the indictment.

■ The final sentence in the Board's October, 1966, letter requested Bruinier to advise "this local board of steps you have taken in compliance with this [April 18, 1966, induction] Order." This

does not equal an order to report. The regulations require notice of induction to be made on a special form. 32 C.F.R. § 1632.1. This form tells registrants when and where to report, what to bring, and what to do if there is a physical or mental condition thought to be disqualifying. It also informs registrants far from the reporting station that induction may be transferred to a closer place. Bruinier never received a standard induction order—Form 252. All notices to report for induction were in letter form, based on the induction order of April, 1966, that did not reach him. The Board should have realized in August, 1966, after it received his July 19 and July 25 letters, that Bruinier had not received the order to report. It could have sent a new one. Instead, it informed Bruinier of his status only after the United States Attorney declined to prosecute.

The Board's single request, in its October, 1966, letter, does not contain any of the Form 252 information. It does not specify a date to report. This is particularly crucial because Bruinier's eligibility for a fatherhood deferment depended on the information reaching the Board before his induction date.

■ Bruinier became a father in November, 1966, and notified the Board in December. He forwarded proof of birth on request. Fatherhood entitles a registrant to a III-A deferment whether he notifies the Board prior to receipt of his induction order or after receipt, but prior to the date of induction. 32 C.F.R. §§ 1622.30(a), 1625.2. Talcott v. Reed, 217 F.2d 360 (9th Cir. 1954). Bruinier has never received an induction order. The October, 1966, letter did not contain a date to report for induction and no date was given until November, 1967. Bruinier notified the Board nearly a year earlier of the birth of his son and the Board should have placed him in class III-A.

I find the defendant not guilty as charged in the indictment.