**William Thomas FISHER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22561.**

United States Court of Appeals
Ninth Circuit.

July 3, 1969.

Rehearing Denied Aug. 20, 1969.

John E. Thorne (argued), of Thorne, Stanton, Clopton, Herz, Stanek & Steinberg, San Jose, Cal., for appellant.

Paul G. Sloane (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., Crim. Div., San Francisco, Cal., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

Appellant was found guilty in a jury trial of failure to report for and submit to induction into the Armed Forces in violation of 50 U.S.C. (App.) § 462.

The indictment charged that the defendant "on or about the 23rd day of June, 1967, * * * willfully and knowingly did fail and neglect to perform a duty required of him" under the Universal Military Training and Service Act, as amended, in that "he did fail and neglect to comply with an order of his local board to report for and submit to induction into the Armed Forces of the United States".

* Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation.

On April 17, 1964, appellant registered with the Selective Service System, Local Board No. 62, San Jose, California. He was classified II–S (student deferment) until September, 1966, when he was reclassified as I–A (available for military service). On December 15, 1966, he was ordered to report for a preinduction physical examination on December 28, 1966. He failed to report and a delinquency warning was mailed February 17, 1967. On April 5, 1967, appellant was declared delinquent by the local board.

Pursuant to 32 C.F.R. § 1631.7 providing for priority induction of delinquents, the local board on May 17, 1967, determined that appellant should be ordered to report as a delinquent. On June 2, 1967, an order was mailed directing him to report for induction on June 22, 1967. He failed to report.

On July 7, 1967, appellant appeared in the office of the local board and informed the clerk-coordinator that he had been on the East Coast at the time fixed for his induction. He submitted a signed statement reading:

> "Since I was on the East Coast when my induction notice was mailed, I missed the opportunity to confront the people at the induction center. Might I be given that opportunity once again?"

The clerk-coordinator wrote on the form: "Registrant is not accepting induction at this time".

In addition to this statement, the file contains a "Report Of Oral Information" signed by the clerk on the same date reading:

> "Registrant stated that he wished to go to the Induction Station to speak

with some of the people there; however, he did not intend to accept induction. He wants the opportunity to go to the Induction Station.

> "I advised him that he will be notified of the local board's decision if he were to be ordered again for induction; otherwise, the local board could process his file as a delinquent and report his case to the United States Attorney for investigation."

The clerk-coordinator submitted appellant's file to the State Director of Selective Service.[1] By letter dated August 25, 1967, the local board was advised by the State Director that he had determined "that the registrant should be reported to the United States Attorney for prosecution as a delinquent under Section 1642.4(a) of the Regulations". On August 31, 1967, the file was submitted to the United States Attorney with a copy of the letter from the State Director. This prosecution followed.

The record discloses that appellant's induction notice was mailed on June 2, 1967, and was not returned to the Board by the post office. Appellant testified that near the end of May or beginning of June, 1967, he went east to see his family; that upon his return he found the induction notice and "a day or two later" went to the induction center and met with the clerk. There was no cross-examination of appellant, and no other evidence was offered bearing on the question of when appellant received the induction notice. It would appear from his testimony that the notice was received about July 5 or 6.

In other words, there is insufficient evidence to support a finding that appellant received the induction notice prior to June 22 when he was ordered to report. It cannot be found that he "will-

---

1. Appellee's brief states that because appellant had never indicated a willingness to submit to induction, his request was not referred to the local board, but rather, "the file was transmitted to California State Headquarters of the Selective Service System in accordance with normal procedure for a determination as to whether or not appellant's failure to report for induction should be referred to the United States Attorney for prosecution."

**1036**

fully and knowingly" failed to report "on or about June 23", when the evidence is uncontradicted that he did not then know he had been ordered to do so.

Precisely in point is Graves v. United States, 9 Cir.1958, 252 F.2d 878, where the appellant did not return from harvesting honey until fourteen days after the time set for his induction. This court reversed his conviction for failure to report on the ground that no proof of criminal intent had been presented. "The proof is absent here, for there is no evidence that when the appellant failed to report on October 13, 1955, he knew that he had been ordered to do so." 252 F.2d at 882.

It is true that under the Selective Service regulations a registrant has a "continuing duty or obligation" to perform any act required.[2] Appellant, however, was charged with "knowingly" failing to report on a specified date.[3] As we said in Graves v. United States, supra:

"Unquestionably the regulations make it the continuing duty of a registrant to report for induction. They also set forth many other duties. But failure to perform any stated duty is not a crime unless the registrant *knowingly* fails or neglects or refuses to perform it. * * * The appellant was charged with knowingly failing and neglecting to report for induction on October 13, 1955, pursuant to a notice to report on that date. He cannot be convicted on this indictment of a failure or neglect to perform a different duty at a different time. Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644." 252 F.2d at 883 (emphasis in original).

We conclude that the evidence was insufficient to sustain the conviction, and the judgment is reversed.

---

2. 32 C.F.R. § 1642.2 (1968) provides: "Continuing duty. When it becomes the duty of a registrant or other person to perform an act * * *, the duty or obligation shall be a continuing duty or obligation from day to day * * *."

3. Moreover, as noted supra, it appears from the clerk's report that she told appellant that his request would be considered by the board and that he would be notified of the local board's decision if he were to be ordered again for induction.