**UNITED STATES of America,**
**Plaintiff,**

v.

**Jose Enrique MEDINA ORTA,**
**Defendant.**

**Crim. No. 179–68.**

United States District Court
D. Puerto Rico.

Nov. 13, 1969.

---

Alfred T. Ghiorzi, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Roberto Jose Maldonado, Olaguibeet Lopez-Pacheco, San Juan, P. R., for defendant.

## MEMORANDUM OPINION

CANCIO, Chief Judge.

The defendant in this criminal case was charged with a violation of sections 454 and 462(a) of the Military Selective Service Act, Title 50 U.S.C. App., and section 1632.14 of the Selective Service Regulations, 32 C.F.R. 1632.14 (Failure to report for and submit to induction). At the close of the government's case, he moved for a judgment of acquittal.

In his motion, the defendant alleges lack of procedural due process because in notifying him on August 23, 1967 with the so-called delinquency notice, that is Exhibit 1–H, his local board utilized an obsolete form, SSS 304, published on February 10, 1956, which had been superseded as far back as June 25, 1965 by SSS Form 304, published on such date. The following are the facts of this case which are relevant to the motion.

The defendant was originally registered in a local board different from the one which called him to service, that is, Local Board 54 in the city of Ponce, Puerto Rico. He was then transferred to Local Board 53 of the town of Peñuelas. This local board ordered him to report for physical examination at its office on December 20, 1966—Exhibit 1–E. In the pertinent part, the order reads, "You are hereby directed to present yourself for armed forces physical examination to the Local Board named above", meaning Local Board 53, "by reporting at Local Board office on December 20, 1966, at 6:30 A.M." It was signed by a member of the Local Board.

Defendant did not appear for physical examination on that or any other date. On May 22, 1967, Exhibit 1–F was sent to him. This exhibit is a letter dated May 22, 1967, addressed to the defendant, signed by one Luis M. Jusino-Montalvo, Subs-clerk, and it states, "You are hereby directed to present yourself for armed forces physical examination to Local Board 53, Peñuelas, Puerto Rico, on June 28, 1967 at 6:00 A.M. If you fail to report for examination as directed, you may be declared delinquent and ordered to report for induction into the armed forces."

On June 29, 1967, defendant was declared delinquent by Local Board 53—

Exhibit 4—for his failure to report for physical examination. On August 23, 1967, the Board sent him a notice of delinquency in the old Form 304, which a witness, the Clerk of Local Board 53, in her testimony before this Court, admitted was "obsolete." Exhibit 1–H to which I have just referred reads, in the pertinent part, as follows: "You are hereby notified that this Local Board has declared you to be a delinquent because of your failure to perform the following duty or duties required of you under the Selective Service Law." This part is printed, then it adds, as the alleged neglected duty, in typewritten form, "failed to report for physical examination on 6–28–67." The old Form 304, the one sent to the defendant and partially transcribed above, had been published on February 10, 1956, but had been superseded by a new Form 304, published on May 25, 1965—Exhibit B. The new form contains some information not contained in the superseded form, to wit: "(2) You are hereby directed to report to this Local Board immediately in person or by mail, or to take this notice to the Local Board nearest you for advice as to what you should do; (3) Your willful failure to perform the foregoing duty or duties is a violation of the Universal Military Training and Service Act, as amended, which is punishable by imprisonment for as much as five years or by a fine of as much as $10,000, or by both such fine or imprisonment. You may be classified in Class 1–A as a delinquent and ordered to report for induction." The obsolete form which was delivered to the defendant does not contain these two paragraphs.

Without having been notified of his rights nor of the risks involved in his failure to perform his duties, either by Form 304, or by letter, or otherwise, the defendant was ordered to report for induction on November 27, 1967, by means of Exhibit 1–J, which in part reads: "You are hereby ordered for induction into the Armed Forces of the United States and to report at L.B. office on Nov. 27, 1967 at 6:30 A.M."

Defendant did not report for induction on that or any other date. The argument of the defendant is that the lack of knowledge of the instructions contained in the new Form 304, that is, the new form of notice of delinquency, precluded him from exercising any right or action to cure his alleged delinquency.

During the trial there was an argument, which seemed to have an important bearing on the question before the Court, as to whether the change, or rather, the addition to Form 304, was due to an amendment to the law, to an amendment to the regulations, to a requirement of a court decision, or merely because the authorities of the Selective Service System chose to make such change or addition. The answer to this question proved not to be important. The real answer is found in 32 Code of Federal Regulations, Section 1606.51(a), which reads:

(a) All forms and revisions thereof referred to in these or such new or additional regulations, or in any amendment to these or such new or additional regulations, and all forms and revisions thereof prescribed by the Director of Selective Service shall be and become a part of these Regulations in the same manner as if each form, each provision therein, and each revision thereof were set forth herein in full. Whenever in any form or in the instructions printed thereon any person shall be instructed or required to perform any act in connection therewith, such person is hereby charged with the duty of promptly and completely complying with such instruction or requirement.

In view of such clear language, the Court considers the new version of Form 304 as one of the regulations which were in effect when the notice of delinquency was sent to the defendant on August 23, 1967, binding on the local boards as much as any other part of the Code of Federal Regulations.

It is a well settled rule that administrative agencies must follow their

own regulations. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567. This rule has been consistently applied in Selective Service cases analogous to this one. See, e. g., United States v. Peebles, 220 F.2d 114 (7th Cir. 1955); Niznik v. United States, 173 F. 2d 325 (6th Cir. 1949); Smith v. United States, 157 F.2d 176 (4th Cir. 1946). This Court applied it in the case of José del Carmen García Miranda, Cr. 73–67, in granting a similar motion to the one presented in the case at bar.

 With this rule in mind, there are still some other determinations for us to make before we can rule upon the motion for judgment of acquittal. Was the deviation from their regulation an unimportant one which did not preclude the defendant from exercising the fundamental rights that he was accorded by such regulation, or was it rather of such a nature as to deprive him of an important right to cure his alleged delinquency? It has been held that the failure to accord a registrant the procedural rights provided by the Regulations makes void an order to report for induction and constitutes a valid defense to a criminal charge of refusing to be inducted into the service; United States v. Peebles, *supra*. But a mere procedural irregularity in the administrative proceedings had under the Universal Military Training and Service Act does not result in prejudice to the registrant and is to be disregarded in determining the validity of the proceedings. United States v. Lybrand, 279 F.Supp. 74 (1967); Briggs v. United States, 397 F.2d 370 (9th Cir. 1968). Weighing all concurrent facts and circumstances, as outlined above, we consider that the deviation from the Regulations in this case was not a mere procedural irregularity in the administrative proceedings under the Act, and that it did result in prejudice to the registrant.

Wherefore, judgment of acquittal of defendant was entered on September 30, 1969.