**UNITED STATES of America,**
**Plaintiff,**

v.

**David Clement MADSON, Defendant.**
**No. 4-71 Cr. 285.**

United States District Court,
D. Minnesota.
Fourth Division.
Feb. 4, 1972.

Robert G. Renner, U. S. Atty., by Neal J. Shapiro, Asst. U. S. Atty., for plaintiff.

W. Wyman Smith, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Defendant registered with his local board No. 67 McLeod County, Minnesota, October 20, 1967. After a series of II–S (student) deferments he was classified I–A on August 18, 1969. He perfected an appeal and ultimately was classified I–A by the appeal board on December 20, 1969 by a vote of 3–0. Defendant was found medically acceptable and on May 13, 1970 was mailed his Order to Report for Induction. This was returned by the Post Office marked "Addressee moved–return to sender". Inquiry was made by the Local Board of various persons as to their knowledge of the defendant's address. Finally on May 28, 1970 the defendant wrote his local board in part as follows:

"I write this because of recent attempts by you, as representatives of the Selective Service System, to contact me with the ultimate intention of inducting my person into the United States military. I have moved from my last address with no intention of notifying Selective Service of my whereabouts or of presenting myself for examination or induction. I feel no obligation or duty to assist in an orderly "business as usual" continuation of my processing into the military.

Recent events and my individual conscience tell me to resist these efforts. I obey a higher law than the Selective Service Act. It is in this way that I can respond favorably to events here and in Southeast Asia and also deny the military machine one more body to be used for killing and destroying. I have relinquished my Selective Service Registration Certificate to an organization which will dispose of my card, and the cards of others, in a proper and useful manner. I will no longer carry any type of card or registration material issued by the Selective Service System and thereby I deny even my tacit approval and participation in the conscription process."

Subsequently the local board established a new date for induction i. e., August 12, 1970. The letter so informing him was sent to the only address which was in defendant's selective service file and again was returned marked "Unclaimed" by the post office.

There is no question but that defendant did not appear nor report on August 12, 1970 and did not submit to induction. Defendant's counsel has moved to dismiss Count II, the failure to report for and submit to induction on the ground that there is no proof or evidence of wilfulness. He contends that defendant, for whatever reason, never actually received notice of a reporting date and therefore cannot be guilty of wilful failure to report for and submit to induction. The court disagrees, and defendant's motion to dismiss Count II is denied.

There is little doubt from reading defendant's letter above quoted that he is wilfully and knowingly guilty of violating Count I. It is clear he was "hiding out" from his draft board; that he was trying to put himself in a position where notices to him would not be received and he failed to comply with a requirement to keep his address current which he obviously knew existed, evidence by the very letter he wrote.

■■ As to Count II, it would seem to the court that where one deliberately, knowingly and purposefully disables himself from receiving notices, he cannot later contend that he is not guilty of a wilful violation of failing to do what the notice required. Were the defendant's view to be adopted, any registrant could make himself unavailable and then

**1144**

eschew any criminal responsibility because he did not receive notice. The Selective Service law does not contemplate personal service of notice on each registrant as would be required for service of process but provides for the use of the mails for this purpose. It does not lie in the mouth of one who disables himself by his deliberate avoidance to claim such as an excuse. United States v. DePugh, 434 F.2d 548 (8th Cir. 1970).

Defendant has cited United States v. Bruinier, 293 F.Supp. 666 (D.Ore.1968); Graves v. United States, 252 F.2d 878 (9th Cir. 1958); Venus v. United States, 266 F.2d 386 (9th Cir. 1959). None of these cases involved a deliberate attempt by a registrant to secrete or disable himself so that mail would not be received, but hold generally that failure to receive a notice in normal course of mails if established may be a defense to a charge of wilful failure to obey. The court has no quarrel with these cases, but finds them inapposite here.

A separate order has been entered.