**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Norman Arthur NEWLON, Defendant-Appellant.**

**No. 71-2393.**

United States Court of Appeals, Ninth Circuit.

April 27, 1972.

John Caughlan, (argued) Seattle, Wash., for appellant.

Thomas P. Giere, Asst. U. S. Atty., (argued) Susan Barnes, Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before MERRILL, BROWNING and KILKENNY, Circuit Judges.

### PER CURIAM:

This appeal is taken from conviction of failure to report for induction into the Armed Forces of the United States, a violation of 50 U.S.C.App. § 462(a). Issues are raised respecting the manner in which appellant's conscientious objection claim was handled by the local and appeal boards and appellant's ability to secure judicial review of that matter. These we need not reach. In our judgment reversal is compelled by Fisher v. United States, 413 F.2d 1034 (9th Cir. 1969). *See also* Graves v. United States, 252 F.2d 878 (9th Cir. 1958).

Appellant was indicted for knowing failure to report "on or about March 11, 1968." Because of his absence from his place of residence he did not receive his order to report on that date until a few days after the date. Under *Fisher, supra,* failure to report on the date ordered is not knowing in these circumstances.

Reversed.

KILKENNY, Circuit Judge (dissenting):

Normally, the finding of guilt by the trial judge after a waiver of a jury, would resolve all issues of fact against a defendant. Here, however, the trial judge was of the belief that only issues of law were before him. On this record, I would remand with directions to the trial judge to make a specific finding on the truth of appellant's claim that he did not receive the notice to report until after the induction date. Strangely enough, this issue was not raised and appellant did not testify until after the first pronouncement of guilt. That fact, and the further fact that the order was mailed on February 6, 1968, along with instructions to report on the following March 11th, coupled with the failure of appellant, after he received the notice, to follow instructions and notify the board of his problem, cast grave doubt on the veracity of his testimony.

Appellant's other contentions do not warrant discussion.