UNITED STATES of America

v.

Jose Emiliano VELAZQUEZ, Defendant.

No. 72 Cr. 851.

United States District Court,
S. D. New York.

April 30, 1973.

Richard Levy, Eisner & Levy, Michael D. Ratner, New York City, for defendant.

Whitney North Seymour, Jr., U. S. Atty., New York City by George E. Wilson, Sp. Asst. U. S. Atty., for plaintiff.

PIERCE, District Judge.

## MEMORANDUM OPINION

Jose Emiliano Velazquez is a twenty year old New York City resident of Puerto Rican birth, and a self-professed activist in the Puerto Rican Socialist Party. He has been indicted for alleged violations of the Military Selective Service Act of 1967. Title 50 Appendix, United States Code, §§ 451 et seq. Count I of the indictment charges him with failing to submit to an armed forces physical examination on January 21, 1972; Count II charges a failure to report for and submit to induction on July 6, 1972.

Voluminous pre-trial motions have been made on behalf of the defendant, including an omnibus motion for disclosure of electronic surveillance with respect to defendant's premises and the premises of the Puerto Rican Socialist Party; a motion to suppress statements made by the defendant to the authorities; a motion for a bill of particulars and various discovery motions; and a motion to disqualify the Special Assistant United States Attorney whose exclusive role in this district is to prosecute Selective Service law violations.

Further, the defendant has made nine pre-trial motions to dismiss the indictment, asserting (1) that this is a selective, vindictive prosecution in retaliation for defendant's militancy; (2) that the uneven enforcement of the Selective Service law in various sections of the mainland and Puerto Rico violates his right to equal protection of the laws; (3) that the Selective Service law, applied to persons of Puerto Rican origin, violates the Geneva Convention, (4) and the United Nations Charter; (5) that the Selective Service law illegally subjects him to existing discrimination against blacks and Puerto Ricans in the armed forces; (6) that the indictment was returned by an unrepresentative, unconstitutionally selected Grand Jury; (7) that the Selective Service board's letter notice to report for a physical examination was invalid and therefore vitiates Count I of the indictment; (8) that the order to report for induction prior to a physical examination was invalid, thereby vitiating Count II of the indictment; and (9) that Count II of the indictment is duplicitous in that, in this particular context, a duty to report and a duty to submit state two separate offenses.

As interesting as many of these motions are, it is clear that some involve political questions which have been raised in the wrong forum; others involve issues which the defendant has no standing to raise. On fuller development, one or more might be meritorious, but in view of this Court's disposition of the indictment based on but one of the pre-trial motions, it is not necessary to reach any of those remaining.

The dispositive motion has been made pursuant to Fed.R.Crim.P. 12. In it the defendant has moved for a pre-trial order dismissing Count I of the indictment on the ground that the defendant's Selective Service file proves beyond question that the defendant was never under a legal duty to report for a physical examination because the notice he received was insufficient.

For the reasons set forth below, this Court dismissed the entire indictment by Order filed April 24, 1973, having determined that the facts asserted by the defendant were established by competent documentary evidence; and that this Court had the power to consider and act upon this motion at this time; and that given the established facts, the indictment could not stand as a matter of law.

### Count I

A valid duty to report for a physical examination is an essential element of the crime charged in Count I.

To sustain its burden of proof the government must establish that the defendant was a registrant (not at issue here), that the order to report was valid, and that the defendant received it.

■ The government is entitled to rely upon a labyrinth of presumptions— of validity of Selective Service orders and proceedings, see Yates v. United States, 407 F.2d 50 (1 Cir.), cert. denied, 395 U.S. 925, 89 S.Ct. 1781, 23 L. Ed.2d 242 (1969), and of the receipt of Selective Service communications from the mere mailing thereof. See United States v. Lee, 458 F.2d 32 (9 Cir. 1972); United States v. Garrity, 433 F.2d 649 (8 Cir. 1970). Thus, it is enough to support an indictment for the government to allege, as it has in this case, that the defendant is a registrant "to whom an Order to Report for Armed Forces Physical has been mailed . . .". Indeed, unless receipt is contested, mailing is enough, if proved, to support a conviction.

■ However, the presumptions are not sufficient to sustain the government's burden if the defendant asserts competent evidence to the contrary. United States v. Bowen, 414 F.2d 1268 (3 Cir. 1969). If that occurs, it then becomes the burden of the government to prove that the order to report was valid, and that the registrant actually received the communication. United States v. Smith, 308 F.Supp. 1262 (S.D. N.Y.1969).

The defendant's motion is directed at these presumptions and it attempts to show that the facts asserted therein are conclusive and dispositive of the issue concerning the defendant's legal duty to report for a physical examination.

### The Facts

Appended to the moving papers are copies of the Minutes of Action and three Selective Service Board communications regarding the defendant's physical examination. These documents are from his Selective Service file, provided to him by the government as part of pretrial discovery in this case.

These documents indicate that an Order to Report for Armed Forces Physical Examination (SSS Form 223) was mailed to the defendant on October 19, 1971. It directed him to present himself for Armed Forces Physical Examination on November 2, 1971. It is clear that this Order contained a typographical error made by the Board in the address. It was returned by the Post Office on October 27, 1971. On the same day the Board issued and mailed a new SSS Form 223 to what is characterized in the Minutes as the "correct add[ress]". This Order also directed the defendant to appear for his physical examination on November 2, 1971. On November 1, 1971, it too was returned by the Post Office.

Thereafter, the Board made inquiries of the defendant's address references and acquired his current address on November 5, 1971. But it never mailed another SSS Form 223 to the defendant. Instead, on January 5, 1972 the Board mailed a Form Letter #8 which told the defendant that it was his "continuing obligation to report for Pre-Induction Physical Examination as indicated on your order issued by this local board on Oct. 27, 1971." This letter directed him to report for his physical examination on January 20, 1972. The reporting date was later changed to January 21, 1972, for reasons that are not clear from the Minutes. On January 21, 1972, the defendant appeared for the physical examination and was declared an uncooperative registrant.

For purposes of this motion, the defendant admits through his attorneys that he received Form Letter #8. He asserts that the documents from his Selective Service file prove beyond doubt that he never actually received either of the SSS Form 223 Orders that were mailed prior to his receipt of Form Letter #8.

■ Given the presumption of regularity accorded Selective Service files, this Court regards the copies of the Selective Service documents from those

files as competent evidence. See United States v. Bulger, 338 F.Supp. 629 (N.D. Cal.1972). Cf. United States v. O'Rourke, 341 F.Supp. 622 (S.D.N.Y. 1972). Furthermore, the facts contained therein are at least sufficient to shift to the government the burden of proving the defendant's actual receipt of an SSS Form 223.

 The government, of course, may attempt to prove these facts by independent evidence. United States v. Jones, 431 F.2d 619 (9 Cir. 1970), cert. denied, 401 U.S. 926, 91 S.Ct. 882, 27 L. Ed.2d 829 (1971). However, the government's response to this motion and to the facts demonstrated therein, in no way indicates that it has or intends to introduce such independent proof.[1] In a four-page answering affidavit, there is not even an assertion that the facts are other than set forth by the Minutes of Action, and by the defendant. Nor does the government seek to rebut the presumption of the validity of the documents presented from the Selective Service file.

Therefore, this Court accepts as uncontroverted and established the facts revealed by the Minutes of Action and the copies of the SSS Form 223 orders of October 19, 1972, and October 27, 1971, and the Form Letter # 8 of January 5, 1972. To wit: the defendant never received and was never aware of the contents of the SSS Form 223 orders; the defendant did receive the Form Letter # 8 and was thereafter aware of the existence of the SSS Form 223 of October 27, 1971.

*Propriety of Ruling Prior to Trial*

 The government has not raised the possibility of the prematurity of this motion. However, this Court recognizes and the defendant's counsel acknowledge, that even though the ultimate question of the validity of a Selective Service board order and any alleged infirmity in the duty to report is one for the Court, not the jury,[2] such a defense would normally be ruled upon after trial of the general issue.

 But, here, where the facts are undisputable and dispositive of the issue in favor of the defendant, the matter seems ripe for judicial resolution on the law at this time. This is particularly compelling in this instance because if Count I falls because of an invalid order, Count II must fall also, see *infra*. Thus, disposition of this motion now will obviate the need for an otherwise necessary suppression hearing; and possibly a succession of pre-trial hearings on issues raised in other motions; and the trial. Under these circumstances it would seem to be a futile exercise and a waste of both judicial and jury time, not to mention the energies of prosecutor, defense counsel, defendant, marshals and other ancillary court personnel, to take evidence on factual issues which are not at issue. What is fatal now to the government's case will be no less fatal then.

The Court also notes that there is growing and persuasive precedent for pre-trial dismissal in Selective Service cases, where the critical issue is one that could not be given to a jury in any

1. Certainly the government doesn't indicate that it has identified defendant's handwriting on the returned envelopes. United States v. Booth, 454 F.2d 318 (6 Cir. 1972); United States v. Preston, 420 F.2d 60 (5 Cir. 1970). Nor does it attempt to argue that the defendant deliberately disabled himself from receiving the communication, see United States v. Madson, 336 F.Supp. 1142 (D.Minn.1972), but see United States v. Williams, 421 F.2d 600 (10 Cir. 1970). Nor is there a hint that the government has any evidence that a person close to the defendant communicated the contents of the orders to him.

United States v. DeNarvaez, 407 F.2d 185 (2 Cir.), cert. denied, 396 U.S. 822, 90 S.Ct. 62, 24 L.Ed.2d 72 (1969).

2. See Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947); United States v. Lloyd, 431 F.2d 160 (9 Cir. 1970), cert. denied, 403 U.S. 911, 91 S.Ct. 2210, 29 L.Ed.2d 688 (1971); United States v. Thalman, 324 F.Supp. 99 (M.D.Fla.1971); United States v. O'Rourke, 341 F.Supp. 622 (S.D.N.Y. 1972); United States v. Kelley, 337 F. Supp. 865 (D.Minn.1972).

event, and the Court is able to resolve it prior to trial.[3]

### The Duty to Report

 Under this indictment the defendant is in jeopardy of a maximum prison term of ten years and $20,000 in fines. Statutes and regulations underlying criminal prosecutions must always be interpreted strictly. Thus, it is absolutely essential to the validity of a local board order, and indictments returned for disobedience of those orders that every procedural requirement be scrupulously followed. A failure of the board to comply with the regulations by which it is governed will render the order void, and vitiate any duty to report, as will a denial of due process. See United States v. Estep, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Kelley, 337 F.Supp. 865 (D.Minn. 1972); United States v. Levin, 326 F. Supp. 1069 (D.Minn.1971); United States v. Orta, 305 F.Supp. 1073 (D.P. R.1969); United States v. Brown, 290 F.Supp. 542 (D.Del.1968).

The applicable Selective Service regulation which gives rise to a duty to report for a physical examination, 32 C.F. R. § 1628.16(a) (1971)[4] states that:

"When the local board mails to a registrant an Order to Report for Armed Forces Examination (SSS Form 223), it shall be the duty of the registrant to report for such examination at the time and place fixed in such order . . . ."

The language of this regulation relies upon the presumption which flows, if uncontested, from the fact of mailing the SSS Form 223. This Court has spoken to this presumption, *supra*, and the evidence in this case is such that it is not operative. Thus, the regulation could be fairly read, in this case, to state that the duty arises when the registrant receives a SSS Form 223.

The defendant urges this reading of the regulation, asserting that the express reference in it to a specific form means that receipt of anything in its stead does not create a duty; that receipt of a SSS Form 223 is a jurisdictional requirement.

The government's position is that the duty to report arises with the issuance of the Order to Report (SSS Form 223), and even though the registrant is totally ignorant of its existence, there is thereafter a continuing obligation to report.[5] It argues that any communication which does reach the registrant thereafter and informs him of the existence of the SSS Form 223 is sufficient to render his subsequent failure culpable. In this

---

3. See United States v. Ponto, 454 F.2d 657 (7 Cir. 1971); United States v. Gustavson, 454 F.2d 677 (7 Cir. 1971); United States v. Findley, 439 F.2d 970 (1 Cir. 1971); United States v. O'Rourke, note 2 *supra*; United States v. Mantione, 71 Crim. 622 (S.D.N.Y. Jan. 5, 1972); United States v. Gabris, 302 F.Supp. 235 (E.D.N.Y.1968); United States v. Seeley, 301 F.Supp. 811 (D.R.I.1969); United States v. St. Clair, 293 F.Supp. 337 (E.D.N.Y.1968).

4. This subsection was renumbered in a general revision of section 1628 for 1972. See 32 C.F.R. § 1628.10(a) (1972); 36 Fed.Reg. 23380, Dec. 9, 1971. The entire subsection was revoked Sept. 9, 1972, without apparent replacement. See SSLR 2090.

5. The government cites no authority for this assertion, but it is partially supported by language in 32 C.F.R. § 1628.-16(b) (1971), effective at the time in question, which states:

Regardless of the time when or the circumstances under which a registrant fails to report for armed forces examination *when it is his duty to do so*, it shall thereafter be his continuing duty from day to day to report for armed forces examination to his local board . . . ." (Emphasis added). However, the government acknowledges that complete lack of knowledge of the existence of the order and obligation to report is a defense to a charge for failing to report. United States v. Newlon, 460 F.2d 1268 (9 Cir. 1972); United States v. Williams, note 1 *supra*; Fisher v. United States, 413 F.2d 1034 (9 Cir. 1969); Graves v. United States, 252 F.2d 878 (9 Cir. 1958); United States v. Smith, 308 F.Supp. 1262 (S. D.N.Y.1969).

case the Form Letter # 8 would fulfill that role.

The Court believes that the present law is somewhere in between these two positions.

Although the regulation explicitly states that it is a SSS Form 223 which gives rise to the duty to report, this Court would seem to be foreclosed from holding that such is a jurisdictional requirement by United States v. De-Narvaez, 407 F.2d 185 (2 Cir.), cert. denied, 396 U.S. 822, 90 S.Ct. 62, 24 L.Ed. 2d 72 (1969). Nor does this Court read United States v. Bruinier, 293 F.Supp. 666 (D.Or.1968), upon which the defendant relies, as based wholly on the unyielding requirement for receipt of the official form (a SSS Form 252 to Report for Induction, in that case).

 In this Court's view, the Second Circuit case and the district court case stand for the proposition that at the very most, a mailed official Order to Report, if valid on its face, creates an inchoate duty which does not and can not attach until the existence of the Order and its content is actually communicated to the registrant, with all of the information contained therein which is relevant to his duty to report.

In *DeNarvaez* most of this requirement was met when the registrant's parents actually received the official Order and communicated its existence to him. The issue of whether the content of the Order was communicated to the registrant did not arise in that case, but the clear implication is that the Order was opened and communicated to him. He immediately thereafter wrote the board and requested a postponement of his physical examination, which was granted without date. Later the board sent a letter advising him of the date, and this letter was held to have crystalized his continuing duty to report.

In *Bruinier,* as in this case, the court accepted the fact asserted that the defendant never received or knew of the official Order until he received a letter from the board informing him of the outstanding Order, and a series of later letters which led ultimately to his appearance and subsequent refusal to submit. The court acquitted the defendant, finding that the substitute letters did not adequately inform the defendant of important matters which were set forth in the official Order, and thus, could not attach a duty to report.

 In the case before this Court too, the Form Letter # 8 does not fully inform the registrant of the contents of the SSS Form 223. To be sure, it tells him when the Order to Report was issued and mailed, and it directs him to report for a physical examination at a place and time certain, and asserts that he has a continuing obligation to report. However, a comparison of the SSS Form 223 and the Form Letter # 8 reveals that significant statements of the rights and risks of the registrant contained in the former are wholly missing from the latter.

Fully one-half of the page-long SSS Form 223 is devoted to an Important Notice, which sets forth details concerning what the registrant may do if the Order imposes a hardship; how to protect his rights to return to his job following the examination; what documents to take to the examination if there is a physical or mental condition which is thought to be disqualifying; and, most important, a warning that failure to report can subject him to fine and imprisonment.

The Form Letter # 8 is devoid of any advice, warning or explanation of any kind.

It is the view of this Court, obviously shared by the Selective Service System, that the information contained in SSS Form 223 is important to the exercise of certain rights and privileges afforded a registrant. This Court holds that where, as in this case, the Board has good reason to believe that the registrant has never received SSS Form 223 and has no indication that he is independently aware of its content, it is prejudicial to send a substitute which fails to set forth

**456**

critical information contained in the official Order, see United States v. Orta, 305 F.Supp. 1073 (D.P.R.); [6] and such substitute form is insufficient to cause the "continuing duty" to mature.

██ Count I is therefore dismissed on the basis that the defendant was not under a legal duty to report for an Armed Forces Physical Examination.

### Count II

Defense counsel have also moved in two separate motions to dismiss Count II of the indictment on grounds different from those which have been dispositive of Count I. In view of the disposition of Count I, it is not necessary to consider the additional issues raised with respect to Count II.

The only authority for the Order to Report for Induction which was mailed June 6, 1972, directing the defendant to report on July 6, 1972, is 32 C.F.R. § 1631.6(a) (1972), which states:

"That notwithstanding Part 1628 or any provision of these regulations, when a registrant in whatever classification has refused or otherwise failed to comply with an order of his local board to report for and submit to an Armed Forces examination, he may . . . be selected and ordered to

report for induction even though he has not been found acceptable for service in the Armed Forces . . . ." [7]

██ Since the defendant was under no legal duty to report for a physical examination, he can not be said to have "refused or otherwise failed to comply with an order of his local board to report for and submit to an Armed Forces examination." Any such order was rendered inoperative by the use of the inadequate substitute Form Letter # 8, in these circumstances.

Therefore Count II is also dismissed and with it, the indictment.

The Court in reaching this result does not condone the actions of the defendant; but neither does it condone the application of any thing less than the letter of the law by local draft boards. It should also be noted that no permanent harm is done to the government by this decision. It requires only that in order to subject the defendant to the severe penalties involved, the local board act with utmost fidelity and sensitivity to his procedural rights. Should there be a new call, and should the defendant be otherwise eligible in all respects, there is nothing to prevent the board from issuing a new order to report.

---

6. Cf. United States v. Aull, 469 F.2d 151, 2 Cir., 1972, where the defendant might well have avoided the induction order, and the subsequent indictment and conviction had he taken the medical documents in question directly to his physical examination, rather than submitting them to his draft board later.

7. Without this exception, only those registrants whose physical and mental fitness has been determined, and to whom a Certificate of Acceptability has been mailed, may be inducted or ordered to report for induction. Title 50, U.S.C.

App., § 454(a); 32 C.F.R. § 1631.6(a) (1972).
There is authority which holds that the exception, itself, operates as a punitive acceleration of call in violation of the mandate of Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). United States v. Castillo, Docket # Cr. 153–72, D.P.R., March 23, 1973. This argument could well form an alternate basis for this Court's dismissal of Count II, but as noted in the text of this opinion, it is unnecessary to reach this issue.