**UNITED STATES of America,
Appellee,**

v.

**Charles Francis DeNARVAEZ, Appellant.**

**No. 224, Docket 32623.**

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1968.

Decided Jan. 28, 1969.

Elmer Fried, New York City (William P. Volin, New York City, on the brief), for appellant.

Elkan Abramowitz, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York, N. Y., Andrew M. Lawler, Jr., and Charles P. Sifton, Asst. U. S. Attys., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

MOORE, Circuit Judge:

Charles Francis DeNarvaez (appellant) appeals from his conviction, after a trial without a jury in the District Court for the Southern District of New York, on one count of knowing failure to appear for an Armed Forces physical examination on April 3, 1962, and on one count of knowing failure to report for induction on February 13, 1963. 50 U. S.C. App. § 462(a). He was acquitted on one count of failure to appear for physical examination on March 6, 1962.

He was sentenced to six months' imprisonment on the first count and to eighteen months' on the second, but execution of the latter sentence was suspended. A probationary term of eighteen months was imposed to begin at the expiration of the prison term.

The record indicates that appellant was born in the United States on October 5, 1937. His mother was an American citizen and his father a citizen of Colombia, South America. At age two months, he was taken by his parents to live in Bogota, Colombia where he remained continuously until 1955, when he returned to this country to attend a military preparatory school in Virginia. His parents stayed in Bogota.

In September, 1956 the family moved to Pelham, New York and thereafter appellant registered with the Local Selective Service Board. Upon graduating from Pelham High School in 1957, appellant entered the University of Miami and advised his Board accordingly. For approximately a year and a half after he had graduated from high school and while he was in college, he was classified I-A. In January, 1959 he was given a student deferment which he retained until his graduation in January, 1962.

On February 7, 1962 appellant was re-classified I-A and on February 23rd a notice to report on March 6, 1962 for physical examination was sent to him at his parents' address in Pelham. However, on February 12th appellant had left the United States for Bogota, having

failed to notify his Board of his departure. His parents brought the notice to report for a physical examination to his attention and shortly thereafter · on March 3rd, he wrote to the Board from Bogota that he expected to remain in Colombia for about three weeks longer and that he would like an extension until he returned "or else if possible be examined by a doctor from the United States Embassy or by my own doctor." He also indicated when he returned that he would be living at Navarre Avenue, Coral Gables, Florida and not in Pelham.

On March 5th, the Board responded that his physical examination would be re-scheduled "sometime during April." The Board mailed this letter to the address in Bogota which appellant had furnished in his March 3rd letter.

Thereafter, relying on appellant's letter indicating his return in three weeks from Bogota, the Board on March 22, 1962 mailed a notice to report for physical examination on April 3, 1962 to the Navarre Avenue address in Coral Gables. Appellant failed to appear and this failure to report constituted the basis for one of the counts in the indictment.

Appellant contends that there was insufficient evidence to sustain a conviction on this count because he was not in the United States on April 3, 1962 when he was to report. In fact, he did not come back to this country until April 14th, remaining only nine days until April 23rd, when he returned to Bogota where he stayed continuously until January 18, 1966. Appellant asserts further that he did not receive the Board's response to his March 3rd letter requesting postponement of his physical examination nor the order to report therefor. Neither of these letters was returned to the Board.

The Government asserts that proof that a letter properly directed was placed in a mailbox creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed. Hagner v. United States, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932); United States v. Davis, 390 F.2d 879 (2d Cir. 1968). Thus, the Government argues that appellant must have received the response from the Board to his request for postponement of his March 6th physical examination because it was sent to a Bogota address which he had furnished to the Board.

 Inasmuch as it indicated that he was to be re-scheduled for physical examination "sometime in April," he was put on notice that an order to report for examination would be sent to the Navarre Avenue address in Coral Gables. While it is true that the Board mailed the notice to report to appellant at a time when it knew he was in Bogota and while it is also apparent that appellant returned to the United States after the date on which he was to report, it is nonetheless proper to conclude that on his arrival he discovered that he was to have gone for a physical examination on April 3, 1962 because the Board's letter was never returned. Aware that he had that responsibility, it became his continuing duty to so report. 32 C.F.R. § 1628.16(b). His return to Bogota on April 23rd, after his nine days' stay in the United States, and his failure to notify his draft board clearly indicate that, knowing he had duties to the Board, he chose to ignore them. He can, therefore, reasonably be charged with knowing failure to report for physical examination on April 3, 1962.

As was indicated above, appellant went back to Bogota on April 23, 1962 and remained there continuously until he returned to the United States January 18, 1966. In the meantime, because he failed to appear as ordered on April 3, 1962 his Board attempted to locate him and on April 9, 1962 it sent a letter to the Navarre Avenue address to inquire why he did not appear for his physical. The Board's letter was not returned and appellant claims not to have received it.

On August 22, 1962 the Board again wrote appellant at the Navarre Avenue

address ordering him to report for physical examination. This letter was returned to the Board with a stamp "moved—left no address," above which was written "S. America." The Board remailed the order to his family's address in Pelham but it was returned again. A clerk from the Board then called the Pelham home and was informed that the DeNarvaez family had moved to Sevilla Avenue in Coral Gables. This information was recorded in appellant's file at the local board.

On September 18, 1962 the Board mailed an order to report for induction on October 9, 1962 to the Sevilla Avenue address. On October 16th, the Board wrote again to the Sevilla address to inquire why appellant did not appear for induction, declaring that "it is imperative that you inform this office immediately." No answer was forthcoming and the letter was not returned to the Board.

On January 2, 1963 the Board unanimously declared appellant delinquent and wrote him on January 8th at the Sevilla address of that decision. On January 18th, the Board ordered him to report for induction on February 13, 1963 by mailing the notice to the Pelham address. The letter was never returned to the Board and his failure to report constituted the basis for the last count in the indictment which resulted in a second verdict of guilty.

Appellant contends that there was insufficient evidence to sustain a conviction on this count because there was "no evidence whatsoever that [he] had knowledge of or ever received the notice ordering him to report on that day." He argues that the notice to report was sent to an address where he no longer resided and, moreover, to an address where the Board knew he no longer resided. He asserts further that he was in Bogota all this time.

■ The Government, however, contends that appellant's conviction for knowing failure to report for induction on February 13, 1963 is based on sufficient evidence because appellant took the stand and denied ever having received any of the Board's letters after March 3, 1962. This being an issue of credibility, the trial court, uniquely situated to resolve it, could find that his claim was untrue.

If there were only one letter, perhaps we could credit the claim that it went astray. But as indicated above, there are too many notices unaccounted for. Appellant was declared a delinquent and the Board wrote him at his family's Sevilla Avenue address. He testified he did not receive this, stating that this was a "temporary" address of his parents. It turned out that his parents own the house and have owned and lived in it for some years. Additionally, the Board in May, 1963 mailed to appellant in Bogota an order to report for induction within fifteen days in the Canal Zone. Appellant failed to respond or report.

The trial court was, therefore, justified in finding that appellant had received notice of his duty to report for physical examination and for induction and that he knowingly failed to do so.

■ There is no merit to appellant's further claim that the orders to report for a physical examination and for induction were invalid because not authorized by the entire Board. There is evidence in the record to show that the Board did vote on appellant's reclassification to I–A and on its finding that he was delinquent. It was also uncontroverted that appellant was called in the regular order. The steps between reclassifying appellant and calling him and those that followed the finding that he was delinquent were ministerial, and did not require the action of the entire Board.

The decision below is affirmed.