**UNITED STATES of America,**
**Appellee,**

v.

**Frank Michael GARRITY, Jr., Appellant.**

**No. 20118.**

United States Court of Appeals,
Eighth Circuit.

Nov. 4, 1970.

Rehearing Denied and Rehearing En
Banc Denied Dec. 8, 1970.

Francis L. Ruppert, Clayton, Mo., for appellant.

Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON and LAY, Circuit Judges, and HUNTER, District Judge.

GIBSON, Circuit Judge.

The defendant Frank Michael Garrity, Jr., was convicted in a jury trial for failing to comply with an order to report for and submit to induction in the Armed Forces of the United States in violation of 50 U.S.C. App. § 462. A sentence of five years imprisonment was imposed. On appeal he contends his induction order was erroneous and void, the trial court erred on evidentiary matters and on instructions, and the Vietnam War is illegal.

Aside from the political question raised as to the legality of the draft and the current war operations in Vietnam and elsewhere, defendant relies mainly on what he asserts is an erroneous order of induction. Defendant originally registered for the draft with Local Board No. 13 in McKeesport, Pennsylvania. He was classified II-S while attending Webster College in Webster Groves, Missouri. With the termination of his student deferment he was classified I-A by his Local Board in Pennsylvania on February 26, 1969, and was ordered to report for induction on May 5, 1969, at Pittsburgh, Pennsylvania. He requested and secured the issuance of a transfer form for physical examination on induction, and his induction proceedings at his request, were transferred to Local Board No. 100 located at 23 North Gore, Webster Groves, Missouri. The form requesting "Transfer for Armed Forces Physical Examination or Induction" was signed by the defendant under date of May 2, 1969. The request was approved under the same date by the Local Board in Webster Groves, Missouri, and the transfer action was accepted by the Local Board of Origin in Pennsylvania on May 8, 1969.

Under date of May 12, 1969, an "Order For Transferred Man to Report for Induction" was executed and mailed by the Local Board of Transfer, Board 100 at Webster Groves, which order in pertinent part reads as follows:

"To

"Frank M. Garrity, Jr.    12 May 1969
8144 Big Bend Blvd.
Webster Groves, Missouri 63119

Selective Service No.
36 13 47 276

"Greeting:

"Having heretofore been ordered to report for induction by Local Board No. 13, State of Pennsylvania, 810 Peoples Union Bank, 301 Fifth Ave., McKeesport, which is your Local Board of Origin, and having been transferred upon your own request to Local Board No. 100, State of Missouri, 23 North Gore, Webster Groves, which is your Local Board of Transfer, for delivery to an induction station, you will, there-

fore, report to the last named Local Board at

Joint Examining & Entrance Station, Mart Bldg. 12th & Spruce Streets, St. Louis, Missouri on [1]
(Place of Reporting)
26 MAY 1969 at 6:30 A.M. PROMPTLY
Betty J. Russell
(Member or clerk of Local Board of Transfer)"

As may be seen from the above notice the defendant was ordered to report for the purpose of delivery to an induction station and he was to report to the last named board for the purposes of induction at Joint Examining and Entrance Station, Mart Building, 12th and Spruce Streets, St. Louis, Missouri, which building and address are designated as "Place of Reporting." Notwithstanding the clear and unambiguous import of such order, the defendant contends the order "was obviously erroneous and as such void since it was physically impossible to carry out the order as written" since Local Board 100 did not maintain an office at the Joint Examining and Entrance Station where he was ordered to report. He also contends the order is vague and misleading. We think these contentions are superficial and border on the frivolous.

The trial court informed the defendant during the course of trial that if he actually did not know where to report for induction he could remedy that situation right now and make arrangements to report, which would have the practical effect of terminating the criminal proceedings. The defendant, of course, did not have to answer and stood mute. Defendant did not take the stand so his contentions and reasons for not complying with the order are set forth in the arguments made to the court and jury during the course of trial. It is apparent that if the defendant had any sincere or genuine doubt as to where he was to report for induction he could have made an appropriate inquiry. He does have an obligation to comply with the various provisions of the draft act as set forth under 50 U.S.C. App. § 462. This he did not do. He was familiar with the location of Local Board No. 100 in Webster Groves, Missouri, and was also familiar with the Joint Examining and Entrance Station at 12th and Spruce Streets as he had taken his physical examination at that location.

The defendant's complaint as to the form of the order to report for induction constitutes at most a technical irregularity. Reading the order most favorably to his position, he was ordered to report for induction to his Local Board of Transfer, and then given the address of the induction center, which was not the address of the Local Board. It is clear that he could have satisfied his duty to comply with this induction order by reporting either to his Local Board, whose address was given, or to the induction center, whose address was also given. He did neither. This is clearly not a case where the order was impossible of performance. It is also clearly not a case in which the defendant was prejudiced by the technical irregularity, for there is no allegation that he did not know what he was supposed to do. It is well established that "the registrant asserting prejudice has the burden of proving it." United States v. Chaudron, 425 F.2d 605, 608 (8th Cir. 1970). There was no suggestion of the slightest prejudice to the defendant by the form of this order.

Defendant claims error in the court's refusal to admit a letter from Assistant United States Attorney Thomas A. Daley of the Pennsylvania District to Veryl L. Riddle, the United States District Attorney in St. Louis, in which Daley stated "Registrant was ordered to report for induction on May 26, 1969 at 23 North Gore, Webster Groves, Missouri which is the address of Local Board No. 100. However, registrant failed to re-

---

1. The above notice was a form notice with the space for the place of reporting being inadequate to accommodate the designation and address of the "place of reporting," so that it became necessary to interline in the form the name and place of reporting as is set forth in the above notice.

port." The letter went on to state that jurisdiction for the violation of 50 U.S.C. App. § 462(a) appeared to be in St. Louis. This letter has no relevancy or probative value. The defendant had never seen it prior to the trial and the writer of the letter probably never saw the induction order. In any event the interoffice memo was not a construction of or an interpretation of the induction order and was merely sent as a routine letter tranferring administrative jurisdiction of the criminal proceedings from the Pennsylvania office to the St. Louis, Missouri office. The induction order, of course speaks for itself. We find no error on this ruling.

Defendant also contends that the court erred in instructing the jury on the duty of the defendant to report for induction, as he views Title 32 Code of Federal Regulations § 1632.14 as creating a presumption that he did in fact receive the order of induction.[2] And there was no instruction advising the jury that they must find that he did in fact receive the_"Order for Induction."

■ There was no error in giving the challenged instruction nor in failing to instruct the jury that they must find that he did in fact receive the order of induction. We think it is clear that § 1632.14 does not create an *irrebuttable* presumption that the mailing of an induction order is proof of its receipt. It does of course require that the order be mailed and in this case the government presented the customary proof of mailing. The defendant at no time contended that it hadn't been mailed to a proper address, or that he failed to receive the order. It may well be a proper defense that he failed to receive notice of the order, but this defense was never raised in the trial. In the absence of the failure of the defendant to raise the issue of receipt of the order, it is not incumbent upon the government to prove receipt beyond the customary proof of mailing.

And where this issue has not been raised by the defense, there is no necessity to give intructions on it.

■ It is, of course, elementary that proof of deposit of an item in the mail raises a presumption that it has been delivered. 1 Wigmore, Evidence § 95 (3d Ed. 1940). There was no evidence to rebut the presumption that the "Order for Induction," having been deposited in the United States mail, was received by the defendant. The presumption of regularity with regard to the mailing and receipt of properly mailed Selective Service documents is valid. United States v. Troutman, 412 F.2d 810, 815 (8th Cir. 1969), remanded on other issues, 397 U.S. 48, 90 S.Ct. 812, 25 L.Ed.2d 35 (1970); United States v. Haseltine, 415 F.2d 334 (9th Cir. 1969); United States v. DeNarvaez, 407 F.2d 185 (2d Cir.), cert. denied, 396 U.S. 822, 90 S.Ct. 62, 24 L.Ed.2d 72 (1969). The issue of an irrebuttable presumption mentioned by defendant is not properly raised in this case. Defendant does not contend he did not actually receive the notice but is advocating the concept that the Government must by some undisclosed method prove that he did in fact receive the notice. The record discloses that the order of induction form was duly mailed and it was not thereafter returned to the local board. Absent any evidence to the contrary this was sufficient to create a rebuttable presumption that the notice was in fact received by the defendant.

The defendant complains of the court's refusal to instruct the jury "If you further find that Local Board No. 100 is not located at the Joint Examining and Entrance Station, Mart Building, 12th and Spruce, St. Louis, Missouri, your verdict must be 'not guilty.'" The requested instruction is unwarranted, does not concern any issue in the case and borders on the frivolous. Defendant knew both where Local Board 100 was located and where the Joint Examining and Entrance Station was located and was well aware

2. § 1632.14 in part reads as follows:
  "(a) When the local board mails to the registrant an order to report for induction (SSS Form 252) it shall be the duty of the registrant to report for induction at the time and place fixed for such order."

that induction centers are located at points other than where the various local draft boards are positioned.

Defendant also maintains he may not be conscripted to participate in the Vietnam War in the absence of a congressional declaration of war, and his induction would be violative of the Treaty of London (Nuremburg Charter) and the United Nations Charter. He cites as a basis of this belief Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), where the Supreme Court entered into the political thicket of legislative reapportionment and commented by way of dicta that questions involving foreign relations are not beyond the pale of judicial inquiry,[3] and Hamilton v. Kentucky Distilleries & Warehouse Co., 251 U.S. 146, 156, 40 S.Ct. 106, 108, 64 L. Ed. 194 (1919), where the court stated:

> " * * * the war power of the United States, like its other powers and like the police power of the states, is subject to applicable constitutional limitations."

At the outset, it is important to note that the defendant does not claim to be a "selective conscientious objector" to the Vietnam war—i. e., he does not claim to be exempt from military service because of beliefs in opposition to the Vietnam war which, if applied to war in any form, would entitle him to exemption from military service under 50 U.S.C. App. § 456(j) as a conscientious objector. *See* Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969), cert. granted, 399 U.S. 925, 90 S.Ct. 2256, 26 L.Ed.2d 792; United States v. Gillette, 420 F.2d 298 (2d Cir. 1970), cert. granted, 399 U.S. 925, 90 S. Ct. 2236, 26 L.Ed.2d 791; *cf.*, United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), dismissing 297 F.Supp. 902 (D.Mass.1969). Rather his claim is solely that the alleged illegal-

ity of the Vietnam war precludes his conscription into the armed forces. This defense to refusal to submit to an order of induction has been rejected by every Court of Appeals which has had occasion to pass on it. The reasons given for this result have varied.

Some of the cases have simply said that allegations of the illegality of the war do not present a defense for refusal to submit to induction. United States v. Prince, 398 F.2d 686 (2d Cir.), cert. denied, 393 U.S. 946, 89 S.Ct. 322, 21 L.Ed.2d 285 (1968); United States v. Pratt, 412 F.2d 426 (6th Cir. 1969); Rusk v. United States, 419 F.2d 133 (9th Cir. 1969).

Other cases have refused this defense on the grounds of standing. It is said that an inductee has received no orders sending him to Vietnam and thus has no standing to challenge the legality of that operation. Ashton v. United States, 404 F.2d 95 (8th Cir.), cert. denied, 394 U.S. 960, 89 S.Ct. 1308, 22 L.Ed.2d 561 (1969); *see also* United States v. Bolton, 192 F.2d 805 (2d Cir. 1951) (Korean war); *cf.* Velvel v. Nixon, 415 F.2d 236 (10th Cir. 1969), cert. denied, 396 U.S. 1042 (1970). In this connection, it might be noted that one district court has found that persons actually serving in the military have standing to raise this issue, but at the same time denied standing to a mere registrant. Mottola v. Nixon, 318 F.Supp. 538 (N.D.Calif. 1970).

█ Still other courts, in rejecting this defense, have dealt with more substantive grounds for the decision. These cases start with the underlying premise that the Selective Service Act is constitutional:

> "The constitutional power of Congress to raise and support armies and

---

3. Baker v. Carr, 369 U.S. 186, 211–212, 82 S.Ct. 691, 707, 7 L.Ed.2d 663 (1962):
"Yet it is error to suppose that every case or controversy which touches foreign relations lies beyond judicial cognizance. Our cases in this field seem invariably to show a discriminating analysis of the particular question posed, in terms of the history of its management by the political branches, of its susceptibility to judicial handling in the light of its nature and posture in the specific case, and of the possible consequences of judicial action."

to make all laws necessary and proper to that end is broad and sweeping. * * * The power of Congress to classify and conscript manpower for military service is 'beyond question.' " United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed. 2d 672 (1968) (citations omitted).

To the contention that the Executive is waging an illegal war, because it has not been declared by Congress, the answer is that the war power is wholly separate and distinct from the power to raise armies. Since the duty of citizens to submit to induction under the Selective Service Act is imposed by virtue of the constitutional exercise of the power of Congress to raise armies, no action of the Executive can impinge upon this power. This position is well articulated by the Second Circuit in United States v. Mitchell, 369 F.2d 323, 324 (1966):

" * * * [A]ppellant's allegations are not a defense to a prosecution for induction into the Armed Forces and his evidence was properly excluded. Regardless of the proof that appellant might present to demonstrate the correlation between the Selective Service and our nation's efforts in Vietnam, as a matter of law the congressional power 'to raise and support armies' and 'to provide and maintain a navy' is a matter quite distinct from the use which the Executive makes of those who have been found qualified and who have been inducted into the Armed Forces. Whatever action the President may order, or the Congress sanction, cannot impair this constitutional power of the Congress."

*Accord,* Simmons v. United States, 406 F.2d 456 (5th Cir.), cert. denied 395 U.S. 982, 89 S.Ct. 2144, 23 L.Ed.2d 770 (1969).

Similarly, allegations that the Vietnam war violates international laws and treaties to which the United States is a party are no defense to the refusal to submit to induction, because these laws and treaties in no way affect the power of Congress to raise and support armies. '

" * * * The legality or nonlegality of the conduct of American armed forces in the war in Vietnam was no defense in the crime charged [refusal to be inducted] since the conduct of that war has no effect on the power of the United States 'To raise and support Armies.' U.S.Const., Art. I, § 8(12). None of the treaties or laws relied on by the defendant bars the raising of an army. Therefore evidence with respect to the war in Vietnam was irrelevant and inadmissible." United States v. Owens, 415 F.2d 1308, 1313 (6th Cir. 1969), cert. denied, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 406 (1970).

Judgment affirmed.