UNITED STATES of America,
Plaintiff,

v.

William Barclay JONES, Jr., Defendant.

No. 70 1000.

United States District Court,
N. D. California.

Sept. 20, 1971.

———◆———

Fredric Tilton, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

David Nawi, Oakland, Cal., for defendant.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

Defendant has been charged with refusal to submit to induction under 50 U.S.C. App. § 462.

The matter is presently before the court on defendant's motion to dismiss the indictment upon the grounds that the power of Selective Service to induct into the armed forces expired on July 1, 1971, (50 U.S.C. App. § 467); that the Congress has failed to extend the power; that, therefore, the whole Selective Service Act, including the criminal provision under which defendant was indicted, has expired and that, therefore, the present prosecution must be held abated and the case dismissed.

Section 467(c) provides:

"Notwithstanding any other provisions of this title (sections 451–454 and 455–571 of this Appendix), no person shall be inducted for training and service in the Armed Forces after July 1, 1971, except persons now or hereafter deferred under section 6 of this title (section 456 of this Appendix) after the basis for such deferment ceases to exist."

That section by its express terms merely terminates the power to induct persons after July 1, 1971. Nowhere in the Act as it is stated, either directly or indirectly, that the entire Act terminates on that date. Nor does a review of the legislative history of the Selective Service Act support defendant's contention that Congress intended that the entire Act should terminate.

Defendant's position is further weakened by the exception in § 467(c) which permits induction after July 1, 1971 of persons previously deferred under the Act if such deferment has expired. If Congress had intended that the entire Selective Service Act should terminate on July 1, 1971, it would not have provided such an exception.

It is clear that only the power to continue inductions expired on July 1, 1971; that power can only be renewed by Congressional amendment further extending the power as has been done many times in the past. Otherwise, however, all provisions of the Act remain in full force and effect.

Accordingly, it is the order of this court that defendant's motion to dismiss the indictment should be, and the same is hereby, denied.