**John Arthur GRUNEICH, Plaintiff,**

**v.**

**Curtis TARR, National Director of Selective Service, et al., Defendants.**

**No. C–71 2081.**

United States District Court,
N. D. California.

Nov. 15, 1971.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for defendants.

Lukes & Bassoni, San Francisco, Cal., for plaintiff.

## ORDER

CONTI, District Judge.

Plaintiff seeks declaratory relief, a preliminary injunction and mandamus in this selective service case. He contends that he is entitled to a IV–D (ministerial) exemption and should be reclassified as such, and that the court should restrain the government from inducting him.

Plaintiff was classified I–A and had received his induction notice on August 21, 1970. He obtained a postponement of induction until after June 1, 1971, in order to complete his graduate studies. He has been ordered to report for induction on November 15, 1971.

Plaintiff bases his claim upon the fact that he received a call to the ministry and was accepted by the San Francisco Theological Seminary during this period of postponement, after he had received his notice of induction.

The local board notified plaintiff on August 20, 1971, that his file had been reviewed and no basis for re-opening his file under 32 CFR 1625.2(b) was found. This regulation proscribes the re-opening of the classification of a registrant after notice of induction, unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant has no control.

This court finds that CFR 1625.2(b) is applicable in this case. A ministerial exemption is like other deferments and exemptions for which the selective service system may make reasonable timeliness rules for the presentation of claims to exemption. Plaintiff has shown no "circumstances over which he has no control" which would justify the re-opening of his case. His selective service file reveals that the local board considered his request for re-opening of his classification (Selective Service File, p. 98). Therefore, his classification may not be re-opened.

In addition, the length of time between the original notice of induction and plaintiff's actual induction was brought about by plaintiff himself when he requested a postponement to attend graduate school. Therefore, plaintiff's arguments that this interval was excessive should not be persuasive.

This court also rejects plaintiff's argument that he is not subject to induction because of the expiration of the Selective Service Act of 1967 on July 1, 1971. Plaintiff had a deferment. 50 U.S.C. § 467(c) provided that no one

could be inducted after July 1, 1971, "except persons now or hereinafter deferred . . . after the basis for such deferment ceases to exist." Thus, this court feels that plaintiff's argument based on 50 U.S.C. § 467(c) is without merit.

Therefore, it is the order of this court that the plaintiff's prayer for relief is denied.