**UNITED STATES of America,
Appellee,**

v.

**Charles Thomas STEWART, Defendant-
Appellant.**

**No. 72–1307.**

United States Court of Appeals,
First Circuit.

Heard Dec. 6, 1972.

Decided Feb. 1, 1973.

Anthony McManus, Dover, N. H., by appointment of the Court, for appellant.

Carroll F. Jones, Asst. U. S. Atty., with whom William B. Cullimore, U. S. Atty., was on brief, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Appellant, Charles Thomas Stewart, appeals from his conviction under 50 U.S.C. App. § 462 (1970) for failure to submit to induction into the Armed Forces. Since we find a sufficient basis in fact in the record to support the local board's denial of appellant's conscientious objector claim, we affirm.

Appellant initially registered with his local board on September 5, 1967, and thereafter was classified I-A. On January 10, 1968, he was reclassified II-A, a classification which he retained with one brief interruption until January 14, 1970, when he was returned to the I-A pool. Two months later, on March 16, he reported for a physical examination and was found to be physically qualified for induction.

On March 30, 1970, appellant requested and was given a Form 150, Special Form for Conscientious Objector. He returned this Form to the board on April 3 after signing it and listing one name as a reference. He did not answer any of the questions set forth in the Form but submitted the following statement of his beliefs (misspelling in original).

"Dear Sirs,

"I object to a forceful serrendering of myself and others by way of the Selective Service System into military service and into an undeclared war. A war by way of an exsecutive order and not a choice of the people. I object to a forceful entry into military service because I feel that I couldn't live in a military type enviroment.

"I feel that the problems of today are somewhat products of the past and steps should be taken to solve todays problems and avoid tomorrows' unhappy ending.

"I am only one person, hoping for the right of the persuit of happiness as all Americans should possess. It's not that I'm rejecting my country, it's whether the power heads of the nation are rejecting me or my thoughts; or using me to fulfill their ambitions.

"At this time I have tryed to muster all my thoughts, beliefs, teachings, relations, and experiences into one impossible letter. Even though I have failed I'll still push on to freedom.

God Help Us All,<br>
C. Thomas Stewart"

The local board then reopened appellant's classification and considered and denied his I-O claim. The State Appeal Board affirmed his I-A classification. Thereafter, appellant reported for induction on September 14, 1970, as ordered, but he refused to take the symbolic step forward. One week later, however, the State Selective Service Headquarters ordered the local board to reopen appellant's classification and to consider anew his I-O claim because the board had failed to set forth any reasons for its orinal denial. On October 23 his I-A classification was reopened and, on December 11, following a courtesy interview, appellant was again informed that his conscientious objector claim had been denied. In its letter the board explained its action as follows:

"[T]he Board refuses your request for a I-O classification as they feel you don't want to be regimented, you are confused and insecure, your answers were evasive, and your statements were not sincere in opposition to wars."

After appellant again exhausted his administrative remedies, he was ordered to report for induction on March 12, 1971. His failure to report on that date led to the indictment in the instant case. After trial without a jury, the court found that appellant had not made out a *prima facie* claim for I-O status and, even if he had, that the board's letter of December 11, 1970, set forth "a firm 'basis in fact'" for its denial of his con-

scientious objector claim." This appeal followed.

■ Assuming *arguendo* that appellant has made out a *prima facie* claim for conscientious objector status, the principal issue on appeal is whether there is a sufficient "basis in fact" in the record to support the board's denial of his claim.[1] 50 U.S.C. App. § 460(b)(3) (1970). In Clay, aka Ali v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971), the Court spelled out the qualifications required for obtaining a I-O classification in the following terms:

"[A] registrant must satisfy three basic tests. He must show that he is conscientiously opposed to war in any form. Gillette v. United States, 401 U.S. 437, [91 S.Ct. 828, 28 L.Ed.2d 168]. He must show that this opposition is based upon religious training and belief, as the term has been con-

strued in our decisions. United States v. Seeger, 380 U.S. 163, [85 S.Ct. 850, 13 L.Ed.2d 733]; Welsh v. United States, 398 U.S. 333, [90 S.Ct. 1792, 26 L.Ed.2d 308]. And he must show that this objection is sincere. Witmer v. United States, 348 U.S. 375, [75 S.Ct. 392, 99 L.Ed. 428]." *Id.* at 700, 91 S.Ct. at 2070.

As the board's letter of December 11, 1970, makes clear, appellant's claim was turned down on the third ground, lack of sincerity.[2]

■ It is accepted that a finding of insincerity, like the discovery of evidence of inconsistent statements or actions in the record, is sufficient to support the denial of a conscientious objector claim. Witmer v. United States, 348 U.S. 375, 382, 75 S.Ct. 392, 99 L.Ed. 428 (1955); United States v. Haughton, 413 F.2d 736, 739 (9th Cir. 1969). The task of reviewing such a finding

1. The question whether appellant made out a *prima facie* case is in an unusual posture. As we will come to, in fact he so concedes, appellant's own statements did not do so. On the other hand, we note a letter from one Neil Marinello filed with the board in support of his claim which reads as follows:

"Gentlemen:

"The purpose of this letter is to indicate my support for Mr. Stewart's application for Conscientious Objector status. I have spoken to Mr. Stewart only twice for a total time of about three hours; nevertheless, the depth of this young man's concerns impressed me so greatly that I am willing to stake my professional reputation on my belief that he is sincere in his convictions.

"Mr. Stewart expressed a strong, immutable belief in the existence of a monotheistic deity whose perfection we may observe in nature. Mr. Stewart believes that God's manifestations are clearest to us in the beauty of the interrelatedness of the living beings in nature; he loves all living beings, and any disruption in the natural order of events is anathema. Several times in our discussions Mr. Stewart expressed a concern for not hurting anyone. I find it difficult to imagine Mr. Stewart as capable of compromising his beliefs to the degree of condoning any war, for in wars men destroy each other in such a

manner as to interfere with the natural sequence of events as ordained by God. "At this time there are three young men in my employ who are serving their alternative duty as conscientious objectors. In addition to my satisfaction with their performance on the job, I have been impressed by the fact that the strength and sincerity of their beliefs place them at a level far above that of typical adolescent rebelliousness and defiance. I consider Mr. Stewart's religious convictions to be at least as strong, sincere, and valid as those of my employees who have been classified 1-O. I feel that Mr. Stewart can best serve his country through the performance of alternative service exemplified by that offered at Spaulding Youth Center."

2. Relying on *Clay, supra,* 403 U.S. at 704, 91 S.Ct. at 2068, and, implicitly, on Sicurella v. United States, 348 U.S. 385, 392, 75 S.Ct. 403, 99 L.Ed. 436 (1955), appellant argues that his conviction may not stand because "at least two and possibly three, of the conclusions [cited in the board's December 11 letter] are not proper grounds for the denial of defendant's application." We disagree because as we construe the board's four reasons —desire not to be regimented, confusion and insecurity, evasive answers, and insincere statements in opposition to wars— we feel that each has a bearing upon the crucial issue of appellant's sincerity.

by a local board is, however, a difficult one. In the first place, the scope of review is very limited. Robertson v. United .States, 417 F.2d 440, 444–445 (5th Cir. 1969); United States v. Curry, 410 F.2d 1297, 1300 (1st Cir. 1969). Our review, as well as that of the trial court, is limited to that evidence which was before the Selective Service agencies. *Cf.* Silberberg v. Willis, 420 F.2d 662, 665 (1st Cir. 1970).[3] Secondly, "because the ultimate question in conscientious objector cases is the sincerity of the registrant . . ., objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question." *Witmer, supra,* 348 U.S. at 381, 75 S.Ct. at 396. As the court observed in United States v. Corliss, 280 F.2d 808, 814–815 (2d Cir.), cert. denied, 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960),

> "[o]n the other hand, to sustain the denial of a claim on a mere *ipse dixit* of lack of sincerity from the Local Board . . . would create serious possibilities of abuse. . . . The Court in effect must determine, as best it can, whether the Local Board . . . and, ultimately, the Appeal Board were rational and sincere in disbelieving the sincerity of registrant's belief in the absence of conduct inconsistent with the registrant's assertion, and this on a record always cold and often thin. [Footnote omitted.]"

■ Mindful of these difficulties, we conclude that the local board's finding of insincerity in the instant case was not without basis. In the first place, as appellant has conceded, the statement he filed with his Form 150 was not sufficient even to make out a *prima facie* claim for conscientious objector status. Indeed, the most reasonable inference which arises from a careful reading of this document is, aside from the ques-

tion of his sincerity, that his objection to war is directed solely at "war by way of exsecutive (sic) order" and not, as is required for I-O classification, against all forms of military conflict. Second, his performance in failing to respond to any of the questions posed by Form 150 was not impressive. Contrary to what may have been his suspicion, the issues raised by the questions on this Form are not designed for the sole purpose of tripping up the unwary. These questions have been formulated rather to direct the attention of registrants, both the articulate and the inarticulate, to that type of indicia which a claimant must satisfy in order to qualify for a I-O exemption. By failing to complete this Form, appellant gave his local board little by way of background against which to evaluate the sincerity of his claim, nor did he avail himself of this opportunity to advance his alleged convictions. Finally, he apparently made little effort to express his views, other than to profess that he was a conscientious objector, during his personal appearances before the board. The abbreviated minutes of his December 9, 1970, interview begin with the following notation: "Registrant said he hadn't thought too much in advance for this interview and had prepared no train of thought." Some support for the board's conclusion that his answers were evasive may be found in the following entry. "Registrant stated he is not afraid of the military service but disagrees with the policies of this country and Selective Service and if he doesn't put these thoughts out of his mind he becomes physically ill." Given all of these factors, the overriding impression is not unlike that found by the Second Circuit in *Corliss, supra* at 815–816, namely, that appellant never expressed in his own words "a genuine personal conviction as to why he should not bear arms or participate in war." We find the absence of such an expression to be a sufficient "basis in fact" to justify the

3. This rule is dispositive of appellant's claim that the trial court erred in refusing to admit additional evidence of his sin-

cerity which was not in appellant's Selective Service file and which was offered for the first time at trial.

local board's denial of his conscientious objector claim.

██ Little need be said with regard to appellant's contention that the trial court erred in concluding that he had received his order to report for induction. The Executive Secretary of his local board testified that she had mailed this order to him at his usual address, that the envelope bore a return address, and that it was not returned to the board as undelivered. Under these circumstances the presumption of regularity in mail delivery came into effect, United States v. Garrity, 433 F.2d 649, 652 (8th Cir. 1970), and the court's finding that appellant's evidence was not sufficient to rebut this presumption was not clearly erroneous.

Affirmed.