### BLOCH et al. v. EASTERN MACH. SCREW CORPORATION.

(Circuit Court of Appeals, Sixth Circuit. May 2, 1922.)

No. 3627.

1. **Evidence ☞87—Proof of mailing letter not conclusive evidence of notice.**
While proof of mailing a letter raises a presumption that it was received, this is a disputable inference of fact, and the burden of proving notice by the letter is not shifted by proof of mailing, and when its receipt is denied by the addressee the question is one for the jury.

2. **Sales ☞440(1)—In action by seller for price, evidence of promise of prompt remittance admissible.**
In an action by the seller of warranted goods, where the defense was that the articles bought were defective, evidence that on request for payment from the person in charge of defendant's office no such objection was made, but prompt remittance was promised, *held* admissible; its weight being for the jury.

3. **Sales ☞285(2)—Reasonable notice of breach of warranty required under Ohio statute.**
Under Gen. Code Ohio, § 8429, notice of defects must be given within a reasonable time to render a seller liable for breach of warranty.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by the Eastern Machine Screw Corporation against Abraham Bloch and others. Judgment for plaintiff, and defendants bring error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

T. S. Dunlap, of Cleveland, Ohio (Cornelius Maloney and T. S. Dunlap, both of Cleveland, Ohio, on the brief), for plaintiffs in error.

Philip R. White, of Cleveland, Ohio (Garfield, MacGregor & Baldwin, John MacGregor, Jr., and Philip R. White, all of Cleveland, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. In July, 1919, Bloch et al. purchased, and the Eastern Machine Screw Corporation sold, 50,000 automobile parts called stationary cones, for manufacture and delivery by the vendor in Connecticut to the vendees in Cleveland. Delivery was made in installments during July and August, covering the greater part of the sale (43,000), and delivery of the remainder was during September. This suit was brought in the court below for the purchase price. The defense was that there was a breach of implied warranty as to quality, whereby the vendees should be excused from payment for the defective articles and should recover damages in addition. The main questions involved are controlled by the Uniform Sales Act as existing in Ohio, which state both parties accept as the place of the contract, and the particularly applicable provision is found in section 8429 of the Ohio General Code, which says:

"If, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

The goods were accepted at the times of delivery, and the vendees proceeded with the use of them by assembling them with other parts. On August 7, 1919, the vendees wrote a letter of criticism, which the court evidently held did not constitute the notice which this section requires. In January, 1920, and five months after the 80 per cent. of the cones had been shipped, a letter of complaint was written. The trial court, in effect, held that this was not within the reasonable time which the statute requires, and therefore was not effective. Neither of these two rulings was preserved for review in such a manner that it is open for our consideration.

[1] One of the vendees testified that on September 9 he wrote a letter of complaint, sufficiently definite to constitute the required notice. The vendor denied the receipt of this letter. The court charged that, unless this letter was received, the defense and counterclaim failed, and the letter, therefore, became the controlling element in the case. Complaint is duly made of the charge which guided the jury in deciding whether the letter had been received. A request was made for instruction that, if a letter is mailed, the presumption arises that it is received. The court charged·

"If there is proof tending to show that a letter has actually been placed in the mails for transmission, the course of business thus transacted by the post office furnishes such an inference of fact this particular letter followed the usual course, that on the basis thereof, upon that showing being made, the court permits the letter to be received in evidence, and, nothing else appearing, an inference of fact might naturally be indulged, and would be indulged by any one, that it reached its destination. In the face of the

denial by the person to whom it was addressed that it was received, it becomes, then, gentlemen of the jury, a disputed question of fact, for you to weigh and settle and determine, just as any other question of fact is to be determined by you. It is a matter that depends upon the weight of the testimony, credibility of the witnesses, and, in the last analysis here, the burden here is, of course, upon the defendant to prove it."

We find no error in this instruction, and we think it is a correct statement of the rule. Proof of mailing a letter may, and usually does, raise a so-called presumption that it was received; but this is a disputable inference of fact, and the burden of proof is not thereby shifted to the addressee; it remains upon the one who must prove the notice effected by the letter. Schutz v. Jordan, 141 U. S. 213, 220, 11 Sup. Ct. 906, 35 L. Ed. 705; Huntley v. Whittier, 105 Mass. 391, 7 Am. Rep. 536; Ginn v. Dolon, 81 Ohio St. 121, 127, 90 N. E. 141, 135 Am. St. Rep. 761, 18 Ann. Cas. 204; Chamberlayne's Modern Law of Evidence, § 1057, note 5, vol. 2, p. 1260.

[2] Error is also alleged because plaintiff was permitted to prove that, upon application to the man at the time in charge of defendants' office and request for payment, he promised prompt remittance, making no claim of defense. It is said that his authority did not appear, except from his own act. The court was right in leaving to the jury the effect of this conduct. It was to be taken in connection with long-continued conduct of the same color by the defendants themselves, and it at least tended to show that the cones were not defective in such a degree that the trouble had become notorious about their plant, as would have been natural enough, if the defects were so extreme as was later claimed.

[3] Plaintiffs in error also claim that the defective character of the cones appeared by the undisputed evidence. Not only was there no request for an instructed verdict on this ground, but the fact would be immaterial, lacking the reasonably prompt notice to the other party required by Ohio General Code, § 8429

The judgment is affirmed.