SUPERFOS (INC.) *v.* UNITED STATES (No. 2756)[1]

ALLOWANCE FOR LOSS IN CUSTOMS CUSTODY—PROOF.

On an application for abatement under section 563, Tariff Act of 1922, of duty on goods damaged in customs custody, the appraiser reported as to a portion of the goods, that it was "not produced for examination" and was "said to have been destroyed by fire." Presuming that the customs officers discharged their duty, it *was* destroyed; and abatement should have been made accordingly. *Knauth, Nachod & Kuhne* v. *United States*, 13 Ct. Cust. Appls. 324, T. D. 41234.

[1] T. D. 41887.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, Abstract 51081

[Reversed.]

*Siegel & Mandel* and *Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General, for the United States.

[Submitted without oral argument October 20, 1926]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal is taken under section 563 of the Tariff Act of 1922 from the judgment of the Board of United States General Appraisers (now United States Customs Court), which judgment sustained an application for abatement made under said section to the extent of the per centum of damage reported by the appraising officer, but denied the application where no specific percentage of damage was reported.

At the trial below, the case was submitted on the record as it came from the collector.

The papers consisted of:

1. The importer's notice in writing.

2. The collector's direction to the appraiser to determine the damage sustained.

3. The appraiser's report to the collector.

4. The report of the inspectors to the surveyor of the port showing the loss sustained.

5. The surveyor's report to the collector embodying the inspector's report.

It seems that there were 120 kegs of tartaric acid powder involved. The appraiser's report shows: "One (1) keg tartaric acid powder," damage "One hundred (100) per cent." "Three (3) kegs tartaric acid powder," damage "no allowance." "One hundred sixteen (116) kegs tartaric acid powder, not produced for examination. Said to have been destroyed by fire."

The report of the inspector to the surveyor shows "One hundred and sixteen kegs destroyed by fire and water" and "One keg damaged by fire and water." It is also shown by said report that the goods arrived in port on August 31, 1925, and the damage occurred on the same day, after its discharge from the vessel and while in customs custody on Pier 95, North River.

The decision of the board is as follows:

Each of these applications for abatement of duty in which damage has been reported by the appraising officer is sustained to the extent of the per cent of damage so reported in each case, and in all other respects all of the applications are denied, and all in which no specific percentage of damage is reported, are denied.

The judgment order is framed in practically the same language.

Before this court nothing is said about the three kegs of powder mentioned in the appraiser's report, presumably for the reason that the record did not show their destruction or damage.

While the judgment of the board recites that "These cases for allowance of duty are sustained in each case to the extent of the per cent of damage reported by the appraising officer," the administrative customs officials must have given the words used a meaning which entitled the importer to an abatement of duty on only one keg. The Board of General Appraisers may have meant that, where the evidence showed a total destruction, this should be equivalent to reporting 100 per centum damage.

We think this case is controlled by *Uberti & Cia* v. *United States*, 12 Ct. Cust. Appls. 373, and *Knauth et al.* v. *United States*, 13 Ct. Cust. Appls. 324, T. D. 41234, and that the duties on one hundred seventeen (117) kegs should have been abated.

In the *Knauth* case, *supra*, the facts are almost identical with the facts in the case at bar. There, as here, the proof consisted of the papers in the case. This court said:

> We are clear that the importers have fully discharged the burden thus cast upon them. They have shown by the storekeeper that all the merchandise was in the Government's possession at the time of the fire and was damaged by fire and water. They have shown, by the appraiser, that 11 cases were not produced but said to have been destroyed by fire. If any of the cases had been removed at any time by anyone before the appraiser made his examination, the presumption is that the storekeeper would have so reported.
>
> Just how they might have proven that the missing cases were in fact destroyed, further than they have done, is not pointed out. Such proof would, of course, under the circumstances, come from customs officers or employees. The appraiser was directed to ascertain the damage. To do that he must see the merchandise, if in existence. He did this so far as he could. As to what he did not see, he could only report that it was said to be destroyed, and the report of the storekeeper confirms that statement.

The judgment of the board must be reversed and the cause remanded for abatement of duties in accordance with the views herein expressed.

*Reversed* and *remanded.*