(Reap. Dec. 10673)

HERBERT KANN CO., INC. v. UNITED STATES

Entry No. 402.

(Decided January 29, 1964)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement relates to certain footwear, which was exported from Yokohama, Japan, and entered at the port of Mobile, Ala. At plaintiff's request, the appeal was transferred to New York for hearing.

When the case was called for hearing at New York, defendant moved for dismissal of the appeal on the ground of untimeliness. Statutory provisions governing appeals for reappraisement are embodied in section 501 of the Tariff Act of 1930, as amended (88 Treas. Dec. 186, T.D. 53318), which, so far as pertinent, reads as follows:

.The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is * * * filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

It appears from the record herein that the written notice of appraisement (defendant's exhibit D) was sent to the consignee, its agent, or its attorney, on May 19, 1961, and that plaintiff's appeal for reappraisement was filed with the collector on June 20, 1961 (defendant's exhibit B), which is more than 30 days after the date of the written notice of appraisement.

The president of the plaintiff corporation testified that he, personally, mailed plaintiff's appeal for reappraisement at 4 o'clock in the afternoon of Friday, June 16, 1961; that it was placed in a United States mailbox located in front of the building situated at 246 Fifth Avenue, New York City, where plaintiff is located; and that he placed sufficient postage on the envelope containing the appeal for reappraisement for it to be sent airmail to the collector of customs at Mobile, Ala.

Plaintiff's testimony, as hereinabove outlined, is the basis for its argument, as stated in counsel's brief, that "the appeal was mailed to the collector in sufficient time to be received by him in the normal course of the mails within said 30 days period" and that plaintiff has "made out a *prima facie* case of timely delivery." The contention is not supported by judicial authority.

It is a general rule of law that a customs officer "acting in the discharge of his duty, upon the subject over which jurisdiction is given to him, is presumed to have acted rightly." *Arthur* v. *Unkart* (96 U.S. 118.) The rule is followed in pronouncements of our appellate court that customs officers will be presumed to have discharged their duties. *Knauth, Nachod & Kuhne* v. *United States*, 13 Ct. Cust. Appls. 324, T.D. 41234; *Superfos (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 283, T.D. 41887. Under the cited authorities, there is a presumption of correctness, applicable herein, that the appeal for reappraisement under consideration was filed with the collector on the date, June 20, 1961, shown in the timestamp on the document (defendant's exhibit B). "Proof of mailing a letter may, and usually does, raise a so-called presumption that it was received; but this is a disputable inference of fact, and the burden of proof is not thereby shifted to the addressee; it remains upon the one who must prove the notice effected by the letter," *Bloch et al.* v. *Eastern Mach. Screw Corporation*, 281 F. 777.

Plaintiff's proof is insufficient to support its position. The motion to dismiss is granted.

Consideration has been given to the cases cited in the briefs filed by counsel for the respective parties. It is deemed unnecessary to discuss any of them, in the light of the reasoning followed herein.

Judgment will issue dismissing the appeal for reappraisement.