Wendell Asbury **BRUCE**, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 71–1345.

United States Court of Appeals,
Fourth Circuit.

Sept. 9, 1971.

Jack F. McGuinn, Columbia, S. C., on the brief for appellant.

John K. Grisso, U. S. Atty., and Marvin L. Smith, Asst. U. S. Atty., on the brief for appellee.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

█ Wendell Asbury Bruce, Jr., is appealing from his conviction, 322 F. Supp. 363, for refusing to report for physical examination and induction in violation of the Military Selective Service Act of 1967, 50 U.S.C. Appendix, Section 462. After a review of the record and upon consideration of appellee's motion for summary affirmance and appellant's motion for summary reversal, we conclude that oral argument is unnecessary and deny both motions. We think the case should be remanded to the District Court for a full evidentiary hearing to determine whether Bruce's order to report for induction was illegally accelerated by reason of his delinquency as forbidden by Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L. Ed.2d 532 (1970).

█ Our disposition is grounded upon evidence in the record of possible illegal acceleration notwithstanding the stipulation between counsel to the contrary. It appears that the District Court was deprived of a full exploration of the acceleration issue by this stipulation. Nor did the District Court have the benefit of United States v. Dobie, 444 F.2d 417 (4 Cir. 1971), which held that in light of *Gutknecht*, supra, the Government must carry the burden of

proving the registrant's induction was not accelerated. Although not conclusive, the evidence here indicates that Bruce's name appeared on the delivery list for October 6, 1969 under the heading "Delinquent—For Immediate Induction", and his name was listed out of order on a separate sheet.

In view of our disposition of the case, we do not consider appellant's other assignments of error.

Vacated and remanded.