**UNITED STATES of America**

v.

**Thomas Patrick SCHWARTZ.**

**Crim. A. No. 72–257.**

United States District Court,
E. D. Pennsylvania.

Oct. 11, 1973.

On Motion for New Trial
Dec. 4, 1973.

James C. Sommar, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Jon J. Auritt, Media, Pa., for defendant.

## FINDINGS OF FACT, DISCUSSION AND CONCLUSIONS OF LAW

GORBEY, District Judge.

Defendant Thomas Patrick Schwartz was indicted on April 4, 1972 on two counts. Count 1 charged that on or about January 22, 1971, and continuing from day to day thereafter, defendant did knowingly and unlawfully, fail, neglect and refuse to keep the Local Board informed as to his current address, in violation of 50 App. U.S.C. § 462. Count 2 charged that on or about February 11, 1971, and continuing from day to day thereafter, the defendant did knowingly and unlawfully, fail, neglect and refuse to comply with a valid and lawful order of Local Board No. 106, dated January 22, 1971, directing him to report for and to submit to induction into the Armed Forces of the United States on February 11, 1971, in violation of 50 App. U.S.C. § 462.

### FINDINGS OF FACT

1. On April 30, 1969, defendant registered with the Selective Service System, Local Board No. 106, Jenkintown, Pennsylvania.

2. At the time of his registration, the defendant gave his address as 7820 Queen Street, Philadelphia, Pennsylvania. On August 20, 1969, the defendant was sent notice that he was classified 1-A.

3. On September 19, 1969, defendant was mailed a notice to report for a physical examination on October 3, 1969. On that date defendant was found fully acceptable for induction into the Armed Forces.

4. On January 22, 1971, the defendant was mailed an order to report for induction on February 11, 1971. Said notice was mailed to 7820 Queen Street, Philadelphia, Pennsylvania. On February 22, 1971, defendant's mother, who resides at the Queen Street address,

called the Local Board to inform them that she had received the induction notice for her son, but could not give it to him as he had left home and she had no idea where he was.

5. On May 3, 1971, Local Board No. 106 received a letter from the defendant stating that he is a conscientious objector, and requesting a SSS–150 form.

6. This letter gave defendant's address as 106 Everett Avenue, Willow Grove, Pennsylvania.

7. Local Board 106 accepted this letter as a change of address notification and recorded defendant's new address on his file.

8. Pursuant to this request, defendant was mailed a SSS–150 form on June 17, 1971, at the Willow Grove address.

9. Said form was never completed and returned to the Local Board by defendant.

10. On June 11, 1971, Local Board No. 106, after receiving permission from headquarters in Harrisburg, reported defendant to the United States Attorney's office for the Eastern District of Pennsylvania, as a delinquent.

11. Defendant, on his classification questionnaire, had identified his brother, Frederick J. Schwartz, Jr., of 914 Pleasant Avenue, Wyndmoor, Pennsylvania, as a person other than a member of his household, who will always know his address.

12. In an effort to locate defendant, Local Board No. 106 on March 5, 1971, contacted Frederick J. Schwartz, Jr. However, Frederick Schwartz indicated that his brother (defendant) had not contacted him in six months.

13. Defendant's lottery (RSN) number was seventy-eight (78).

14. At the time the induction order was issued to defendant by Local Board 106, the Local Board was authorized to call for induction registrants with lottery numbers up to one hundred (100).

15. Defendant was notified of his duty to keep the Local Board informed of his local address. This being con-

tained in the classification questionnaire filled out and signed by defendant.

## DISCUSSION

### COUNT 1

Count 1 charges that defendant knowingly and unlawfully failed to keep his Local Board informed of his current address as required by the Regulations of the Selective Service System (32 C.F.R. 1641.1). Defendant does not claim that he performed the required duty, but rather that the Local Board did not follow a number of regulations which he asserts are conditions precedent to a criminal conviction.

First, the defendant contends that since the Local Board had not contacted the defendant's employer to ascertain his whereabouts, that the government is precluded from prosecuting the defendant for not notifying the Local Board of his whereabouts. For this proposition, defendant relies on Regulation 1642.-41(b). However, this must be read in connection with 1642.41(a). These regulations read:

1642.41 Report of Delinquent to United States Attorney.—

(a) Every registrant who fails to comply with an Order to Report for Induction (SSS Form 252) or an Order for Transferred Man to Report for Induction (SSS Form 253) shall be reported promptly to the United States Attorney on Delinquent Registrant Report (SSS Form 301); provided that if the local board believes by reasonable effort it may be able to locate the registrant and secure his compliance, it may delay the mailing of such Delinquent Registrant Report (SSS Form 301) for a period not in excess of 30 days. A copy of such Delinquent Registrant Report (SSS Form 301) shall be placed in the delinquent's Cover Sheet (SSS Form 101). The local board may report any other delinquent registrant to the United States Attorney by letter stating all the circumstances. A copy of

such letter shall be placed in the delinquent's Cover Sheet (SSS Form 101).

(b) In endeavoring to locate and to secure the compliance of a delinquent prior to reporting him to the United States Attorney, the local board should contact the delinquent and the 'employer' or 'person who will always know' the delinquent's address, as shown on the Registration Card (SSS Form 1), or any other person likely to know his whereabouts. The local board may enlist the aid of local and State police officials or any other public or private agencies it deems advisable. In no event shall the local board order or participate in the arrest of a delinquent.

■■ Section (a) makes it clear that section (b) specifies the procedure that the board is to follow if it believes a reasonable effort will locate the registrant. The procedures are not mandatory upon the board. Under the circumstances of this case the Local Board's action was not improper. In addition, as to Count 1, this regulation would not be applicable for they clearly state that they are for reporting a registrant for failure to report for induction. Count 1 charges failure to keep the board informed of a current address. Accordingly, this argument is of no avail to defendant.

■■ Defendant's other main contention as to Count 1 appears to be that young men sometimes go away or move and simply forget to inform their local board of a change of address. In support of this contention, defendant relies on Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943). However, in Bartchy the situation was much different than it is in the instant case. In Bartchy the registrant left a string of forwarding addresses, by which it was reasonable to expect that mail would reach him. In the case at

bar, defendant left no forwarding address, and informed no one of his whereabouts. Most especially, defendant did not inform his brother, whom he had designated as a person who would always know his whereabouts.

■■ Defendant also contends that the government must prove that he was actively "hiding-out" from the Local Board, and that since there is no evidence of such on the record, he cannot be convicted. Defendant cites no law in support of this proposition, he merely cites several cases where the defendant was convicted after it was shown that he was actively "hiding-out". In none of those cases was it held that this is an element of the offense. The government need not prove that defendant was actively "hiding-out", but only that he knowingly and willfully failed to perform the required duty. The record of this case shows that at a minimum, defendant's whereabouts were unknown and unreported for at least a period of four (4) months, during a time when the defendant had to know [1] of the probability of his being called to military service. From these circumstances, and the fact that defendant knew of his duty to report his current address,[2] the only conclusion to draw is that defendant's failure to report his current address to the Local Board was a knowing, deliberate act. See United States v. Wain, 162 F.2d 60 (2d Cir. 1947).

## COUNT 2

■■ In count 2, defendant is charged with knowingly and unlawfully refusing to report for and submit to induction into the Armed Forces of the United States on February 11, 1971. It is admitted that defendant did not appear for induction on February 11, 1971. In order to prove its case, the government must show that the defendant was a person liable to be called for service into

1. From defendant's lottery number of 78, his classification of 1-A, and the fact that local boards had been authorized to call registrants with lottery numbers up to 100.

2. See our Findings of Fact, No. 15.

the Armed Forces of the United States; that the defendant received an order from his local draft board requiring him to report for induction into the Armed Forces; and that the defendant willfully and knowingly failed to comply with the order. There is no dispute that the defendant is a person subject to the Military Service Act, or that the defendant failed to report for induction. However, the defendant vigorously contends that he never received the notice in question, which the government has shown was mailed to the address on his file on January 22, 1971.

The government's position is that the order was mailed and was not returned, therefore, it is presumed delivered. However, the defendant's selective service file indicates that Mrs. Schwartz, defendant's mother, had called the board on February 22, 1971, and informed the Local Board that although she had received the induction notice, she had not given it to her son, since she did not know his whereabouts. Defendant contends, and we agree, that this is sufficient to rebut the presumption of delivery to the defendant. *See* Bloch v. Eastern Machine Screw Corp., 281 F. 777 (6th Cir. 1922).

The government further contends that even if the defendant did not receive the notice in time to appear on the reporting date, the defendant is not relieved of his continuing duty to comply with the induction order. The Regulations of the Selective Service System effective at the time (32 C.F.R. 1632.14) provides, *inter alia*:

> Regardless of the time when, or the circumstances under which a registrant fails to report for induction, when it is his duty to do so, it shall thereafter be his continuing duty from day to day to report for induction to his local board.

While we agree with the government's position, it cannot be applied in this case. In all of the cases cited by the government in support of their position, the defendant, at some point in time was given notice of the induction order. *See*, for example, United States v. Abrahms, 5 SSLR 3271 (N.D.Ill.1972) aff'd, 7 Cir., 476 F.2d 1067. In the case at bar, the government has failed to show that at any point, from the time the original order was issued until the time defendant was indicted, the defendant had received actual notice of his induction order. Absent this notice, the government cannot prove that defendant's failure to comply with said notice was a willful one. They could have sent notice to defendant after May 3, 1971, when they received his new address, but the Local Board chose not to do so.

The government appears to argue that once the order is issued, it is defendant's burden to put forth evidence to show that he attempted to perform his continuing duty. We cannot agree. It is the government's burden to prove every element of an offense charged, and they cannot shift that burden to the defendant to prove that he did not do the acts charged. In the case at bar, the government has not met its burden, and it has not proved that defendant committed the violation charged in Count 2.

## CONCLUSIONS OF LAW

1. Defendant was properly registered with Local Board No. 106, Jenkintown, Pennsylvania, classified 1–A and ordered for induction on February 11, 1971, by order dated January 22, 1971.

2. Defendant knowingly and willfully failed to keep Local Board No. 106 informed of his current address in violation of 50 App. U.S.C. § 462 and therefore is guilty as charged in Count 1 of the indictment.

3. Although defendant failed to appear for induction pursuant to the order dated January 22, 1971, the government has not proved that such failure was a knowing and willful violation. Therefore, defendant is not guilty of knowingly failing to comply with a valid and lawful order directing him to report for

induction into the Armed Forces of the United States in violation of 50 App. U. S.C. § 462, as charged in count 2 of the indictment.

## MEMORANDUM

### ON MOTIONS FOR NEW TRIAL AND ARREST OF JUDGMENT

Before the court are defendant's motions for a new trial and for arrest of judgment. Of the arguments put forth by defendant in support of these motions, the only one which this court feels has any merit, and which has not been specifically dealt with in our previous memorandum, is the allegation to the effect that the government's failure to follow the administrative procedures provided for in paragraph 3 of Local Board Advice E–1 [1] requires this court to grant a new trial.

In the case at bar, the local board was faced with a situation where they had mailed a notice of induction to the address which the defendant had supplied them.[2] Upon the failure of defendant to report for induction pursuant to the order, the local board was faced with a situation where the registrant had either (1) received the notice and knowingly and willfully chose to disobey it; or (2) had not received the order, in which case it was obvious that he had failed to keep the local board informed of his current address, or at least an address where mail would reach him. To comply with Local Board Advice E–1, the board had to choose one of two procedures to use. It is our opinion, that

1. "Local Board Advice (No. E–1)

1. *Purpose*—The purpose of this Local Board Advice is to provide uniform procedures for processing delinquent registrants.

2. *Delinquent Registrant Defined:*

(a) A registrant who has failed to perform any duty or duties required of him under The Military Selective Service Act of 1967, such as failing to notify the local board of a change of address, failing to report for an armed forces physical examination, or;

(b) A registrant who fails to comply with an Order to Report for Induction, SSS Form No. 252, or Order for Transferred Man to Report for Induction, SSS Form No. 253, or the duty to comply with an Order to Report for Civilian Work and Statement of Employer, SSS Form No. 153, or;

(c) A registrant who turns in his Registration Certificate, SSS Form No. 2, or Notice of Classification, SSS Form No. 110.

3. *Action by Local Board—In a Situation Under Paragraph 2(a).*

(a) Declare the registrant to be a delinquent, recording the action and vote of the local board on page 8 of SSS Form No. 100.

(b) Prepare and mail Delinquency Notice, SSS Form No. 304 to the registrant.

(c) Enter registrant on Record of Delinquents, SSS Form No. 302.

(d) If the registrant is not in a Class available for service (I–A, I–A–O, or I–O), reclassify him in a class available for service, send Notice of Classification, record these actions on page 8 of Classification Questionnaire. Grant personal appearance and appeal if requested. After the time for appeal has elapsed or if the appeal board does not classify the registrant in a deferred class, then order the registrant to report for induction or process him for civilian work in lieu of induction if he is classified in Class I–O.

(e) If the registrant is in a class available for service (I–A, I–A–O, or I–O), order him for induction or process him for civilian work if he is in Class I–O.

4. *Action by Local Board—In a Situation Under Paragraph 2(b).*

(a) For failure to comply with an Order to Report for Induction, SSS Form No. 252, the local board shall prepare SSS Form No. 301 in an original and three copies (undated) and forward with the file to State Headquarters for review.

(b) For failure to comply with an Order to Report for Civilian Work, SSS Form No. 153, the local board shall forward the file to State Headquarters under section 1660.30 of the regulations.

(c) Enter registrants on Record of Delinquents, SSS Form No. 302, both for failure to report for induction and for failure to submit to induction under 'Failed to Report for Induction.' For a failure to report to the local board or failure to report to the employer enter registrant on SSS Form No. 302 and carry under 'All Others' in Summary.

5. *Action by Local Board—In a Situation Under Paragraph 2(c).*

\*　　\*　　\*　　\*　　\*

6. *Action by Local Board in Removing Delinquency.*

\*　　\*　　\*　　\*　　\* "

2. For a more detailed discussion of the facts, see our Memorandum dated October 11, 1973.

in this case, the board properly chose to follow the procedure specified in paragraph 4, which deals with a situation where a registrant has failed to comply with an order to report for induction. The procedure specified in paragraph 3, which deals with a situation where the registrant has failed to notify the local board of a change of address or has failed in any other similar duty required of him, is geared towards declaring such registrant a delinquent, reclassifying him, and then ordering him for induction. Local Board Advice E–1, upon which defendant relies, had its latest revision on May 1, 1968. However, in 1970 the Supreme Court in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 struck down the procedure of accelerating a registrant's induction because of his being declared a delinquent. This was done on the basis that such a procedure was not authorized by the Selective Service Act, and thus local boards could not substitute induction for a prosecution. In this regard, the Court in Gutknecht stated at 307, 90 S. Ct. at 511:

> "We search the Act in vain for any clues that Congress desired the Act to have punitive sanctions apart from the criminal prosecutions specifically authorized. Nor do we read it as granting personal privileges that may be forfeited for transgressions that affront the local board. If federal or state laws are violated by registrants, they can be prosecuted."

The cases which have been decided since the Gutknecht opinion have held that where a registrant's induction was accelerated because of a declaration of delinquency, that induction order is invalid. Bradley v. Laird, 449 F.2d 898 (10th Cir. 1971). *See also* Bruce v. United States, 448 F.2d 21 (4th Cir. 1971); Bruce v. United States, 458 F.2d 511 (4th Cir. 1972).

In the case at bar defendant cannot complain that the failure of the board to follow these procedures was prejudicial. Defendant had been properly classified 1–A and was ordered for induction pursuant to the normal procedures, and not as a result of any declaration of delinquency. While we have held that the defendant is not guilty of refusing to comply with the induction notice, it would be ludicrous for this court to hold that prior to prosecution for failure to keep an address current, the local board would have to declare him delinquent and issue a second induction order pursuant to a void regulation. *See* United States v. Couming, 445 F.2d 555 (1st Cir. 1971).

The Supreme Court in the Gutknecht case specifically stated that the intent of the statute was that registrants be prosecuted for violations of their duties under the Act. The Third Circuit Court of Appeals in United States v. Zmuda, 423 F.2d 757 (1970), a case similar to the case at bar, upheld the conviction of the defendant for failing to report for a physical examination, but reversed his conviction for failing to report for induction. In the Zmuda case, the defendant failed to report for a physical examination, was declared a delinquent pursuant to Local Board Advice E–1, and was subsequently ordered for induction. He acknowledged receipt of the order, but refused to report for induction. The court specifically discussed the procedures involved in Local Board Advice E–1, which are in question in this case, and held that the induction order which was issued after complying with the procedures contained in paragraph 3 of Local Board Advice E–1 was invalid because it accelerated the registrant's induction, but held that these procedures have no bearing on the conviction for failure to report for a physical examination. We think the same logic applies to the case at bar. Accordingly, defendant's motions for a new trial and for arrest of judgment are denied.