**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Edward LONG, Defendant-
Appellant.**

**No. 74–1485.**

United States Court of Appeals,
Ninth Circuit.

Oct. 17, 1974.

As Amended Feb. 28, 1975.

Harvey Erickson, Spokane, Wash., (argued), for defendant-appellant.

Carroll D. Gray, Asst. U. S. Atty. (argued), Spokane, Wash., for plaintiff-appellee.

## OPINION

Before BROWNING and CHOY, Circuit Judges, and THOMPSON,* District Judge.

CHOY, Circuit Judge:

Long appeals from a conviction for willfully and knowingly failing to report for induction into the Armed Forces, in violation of 50 U.S.C. App. § 462. We reverse.

Long, a registrant with the Selective Service Board, listed as his address: Star Route, Mesa, Washington 99343. From mid-1971 to March 27, 1973, the date of the indictment, appellant was a musician with a band that performed in various places on the West Coast and in Hawaii. His mother, who lived near Mesa, Washington, would periodically pick up his mail and forward it to him wherever he would be performing at the time.

On June 2, 1972, an induction notice ordering Long to report July 12, 1972, was mailed to him at his Mesa address. The notice was never returned to the local board. On August 4, 1972, another notice to report for induction was mailed by certified mail to the same address, and the letter was returned to the local board unsigned.

On January 4, 1973, the FBI contacted Long's mother, who in turn, informed appellant that the FBI was looking for him. Knowing that his lottery number had been called in 1972, Long suspected, when he learned about the FBI inquiry, that an induction order had been sent and that the reporting date had passed. Three weeks later appellant's suspicions were confirmed when an FBI agent informed him that he had failed to report for induction. Long claimed, however, that he never received any notice to report for induction.

On March 27, 1973, Long was indicted for failure to report for induction on or about July 13, 1972 and for failure to report up to the date of the indictment.

■■ Appellant claims that the evidence is insufficient to support the conviction. We agree. To obtain a conviction for willfully and knowingly failing to report for induction, the Government must prove beyond a reasonable doubt that the registrant had *actual* notice of the induction order. United States v. Belgrave, 484 F.2d 915, 918 (3rd Cir. 1973). The extent of the Government's proof on this issue was the mere posting of two induction notices to Long's mailing address (Star Route, Mesa, Washington). Absent rebuttal evidence by Long, such proof would have been sufficient to support an inference that the mail reached its destination and was received by the addressee. Hagner v. United States, 285 U.S. 427, 430, 52 S. Ct. 417, 76 L.Ed. 861 (1932); United States v. Lee, 458 F.2d 32, 33 (9th Cir. 1972). The inference of receipt, however, was dispelled by Long's testimony that he was away from the designated address during July and August 1972— the time period in which delivery of the letters would normally have been made. *See* United States v. Schwartz, 366 F. Supp. 443, 447 (E.D.Pa.1973). Faced with such rebuttal evidence the Government, in order to prove receipt, had the burden of coming forward with evidence that Long during the critical period was in fact present at the designated address. It did not come forward with any such evidence, and consequently, proof of receipt failed for insufficient evidence. *See* United States v. Belgrave, 484 F.2d at 917–918; Fisher v. United States, 413 F.2d 1034, 1035 (9th Cir. 1969); United States v. Schwartz, *supra.*

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

Alternatively, the Government contends that the induction orders created a continuing duty to report, and that Long's failure to report after he had notice in January, 1973 of the order's existence constituted a violation of 50 U.S.C. App. § 462.

■■ Even assuming that an induction order does create a continuing duty to report, United States v. Williams, 433 F.2d 1305, 1306 (9th Cir. 1970), the evidence does not support a finding that Long *knowingly* failed to discharge that duty. Long suspected on January 4 and learned from the FBI on January 24 nothing more than that an induction date had passed. The FBI never mentioned any continuing obligation to report and, by telling Long new induction orders would be sent, actually implied that Long need not do anything until he received the orders. Long's comment that he would rather go to jail than to be inducted did not amount to a "refusal to report for induction, for he had no reason to believe that he was then under any order or duty to report", or that the FBI questioned him "for any purpose other than to gather evidence as to his past conduct". Graves v. United States, 252 F.2d 878, 884 (9th Cir. 1958). Viewing the evidence in a light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we find the Government has failed to show that during the period covered by the indictment Long was aware of any legal obligation to report for induction.[1] *See* Graves v. United States, *supra*.

■ In any event, the Selective Service directives terminated, as of January 1, 1973, any continuing duty that Long might have had to report for induction. On December 27, 1972, the Director of the Selective Service issued an order suspending inductions for January and February 1973 for all registrants except "violators" willing to submit to induction in lieu of prosecution. Temporary Instruction No. 632–13, 660–8, Selective

Service System (Dec. 27, 1972). Then on February 14, 1973, the Director issued another order reclassifying all registrants and canceling all inductions except for "violators". Temporary Instruction No. 632–14, Selective Service System (Feb. 14, 1973).

Long could not have been a "violator" as of the date the first directive went into effect because he as yet had no knowledge of any induction order. *See* discussion *supra*. Thus, the first directive cut off any duty to report for induction during January and February, and the second directive cut off any duty during March and thereafter.

Reversed.

---

1. United States v. Williams, 433 F.2d 1305 (9th Cir. 1970), relied on by the Government, is inapposite. In that case, the FBI three times personally advised appellant of his duty to report and that his local board was seeking to make contact with him. *Id.* at 1306.